### Willie Greer v. The State.

#### No. 8888.  Delivered May 20, 1925.

#### Rehearing denied June 24, 1925.

**1.—Sale of Intoxicating Liquor—Bills of Exception—Question and Answer Form.**

Where a bill of exception is in question and answer form, in violation of Art. 846 of our C. C. P. and the continued holdings of this court, it will not be considered.

**2.—Same—Requested Charge—Issue not Raised—Properly Refused.**

Where there is not the slightest evidence in a case of a sale having been made for medicinal purposes, the court properly refused a requested charge submitting such issue to the jury.

**3.—Same—Requested Charge—Covered in Main Change—Properly Refused.**

Where the defensive issues presented in a requested charge have been fully and correctly submitted to the jury in the general charge of the court, such special charge is properly refused.

Appeal from the District Court of Fort Bend County.  Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction for the sale of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*C. I. McFarlane,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Conviction in District Court of Fort Bend County of selling liquor; punishment, one year in the penitentiary.

The principal State witness testified positively that on the occasion in question he bought whiskey for which he paid this appellant two dollars, and that upon her claim that she was entitled to something for going and getting it for him, he paid appellant's codefendant twenty-five cents. It further appears that when this State witness went to the house of appellant and wanted whisky, it was claimed both by appellant and his codefendant that there was none in the house but that they could get it for him. The woman, appellant's co-defendant went out of the house and came back in two or three minutes with the whiskey. She handed it to appellant and he handed it to witness who paid him as above stated. Shortly after this officers searched appellant's premises and found in a house in

the yard several containers of large size each having in it enough whisky to indicate what same had contained. Appellant was the proprietor of a rooming house, his codefendant was his cook and general manager in his absence. Both testified for the defense, being jointly indicted. Neither claimed to have gone to any other person or to have left the premises or to have bought whisky at the request of the State witness. Both denied seeing him or being paid any money by him, or letting him have any whiskey on said occasion under any kind of circumstances. In his charge the learned trial court gave to the jury an acceptable charge on alibi, and also told them in another paragraph that if they believed or had reasonable doubt of the fact that defendants, or either of them, procured the whisky for prosecuting witness, and that they did not own said whisky but acted as the agent of said witness in purchasing same for him from some other party, then the defendants should be acquitted.

Appellant's first bill of exceptions complains of the refusal of a peremptory instruction, in which there was no error; and his second bill of exceptions is in question and answer form and, therefore, violative of the provisions of Art. 846 of our C. C. P. and cannot be considered under many decisions by this court. The third complaint is of the refusal of a special charge seeking to submit the issue of a sale for medicinal purposes. It is not incumbent upon the trial court to submit an issue unless supported by facts in testimony. Neither appellant nor his codefendant claimed to have sold whisky for medicine, and the State witness testified that he did not claim that he was sick. He only said that he told appellant that he felt bad and was drowsy. There was no such evidence before the court as to call for the giving of said special charge.

Appellant's special charge submitting the theory of agency was refused because the subject was entirely covered, and properly so, by the court's main charge, which is above referred to. We find nothing in appellant's complaint directed at the failure of the court to define the term "sale". There was no possibility of confusion in the minds of the jury on the subject. It was not claimed that the transaction might be a gift or anything else save and except a sale.

Believing the facts to support the judgment, and that the record evidences that appellant received a fair trial, an affirmance is ordered.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant takes issue with us, first, because we did not hold that the trial court erred in refusing an instructed verdict, and, second, in concluding that the evidence did not call for a charge submitting the theory of a sale for medicinal

purposes.   Both of these matters were discussed in our original opinion.   As stated there, the State's case was fully made out by her witness in chief, who testified that he bought from appellant and his codefendant the whisky in question.   As therein stated, appellant defended wholly upon the proposition that he made no sale, and this defensive theory was cared for in the charge of the court and decided against appellant's contention.   We have again reviewed the testimony for the State and think it wholly fails to call for the presentation of said special charge.

The motion for rehearing will be overruled.

*Overruled.*