JESS ANDREWS V. THE STATE.

No. 10378.   Delivered February 9, 1927.

**1.—Possessing Intoxicating Liquor—Search and Seizure—Warrant Waived.**

Where, on a trial for the possession of intoxicating liquor, appellant complains of the search of his premises without a valid search warrant, it appearing that appellant told the officers who searched his premises that it was unnecessary to have a search warrant, and invited them to make all the search that they desired, this was a waiver by him of a search warrant. The necessity for a search warrant can be waived, but silence is not a waiver.

**2.—Same—Res Gestae Statements—Properly Received.**

Where the state was permitted to prove statements made to the officers by appellant, while his premises were being searched, such testimony was properly received, whether or not appellant was under arrest at the time, being res gestae declarations.

3.— Same — Charge of Court — Definition of "Possession" — Erroneously
    Omitted.

Where the evidence disclosed that on a search by officers of appellant's
premises two gallons of alcohol were found concealed in his cow lot, across
the street, or road, from his house, and on its discovery appellant denied
that either the cow lot or the alcohol belonged to him, and stated that he
knew nothing about it, the court should have charged the jury what con-
stituted possession under the law.

4.—Same—Continued.

Where appellant's possession of the intoxicating liquor is conclusively
established, and there is no issue as to such possession, a charge defining
the meaning of possession is not necessary, but where there is an issue as
to the possession, such charge should be given, in order that the jury may
have the benefit thereof in determining this issue, when raised by the tes-
timony. Following Bramblett v. State, 94 Tex. Crim. Rep. 250, and other
cases cited.

Appeal from the District Court of Howard County. Tried
below before the Hon. W. P. Leslie, Judge.

Appeal from a conviction for possessing intoxicating liquor
for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Lockhart & Garrard,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,*
Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of the unlawful
possession of intoxicating liquor, and his punishment assessed at
one year in the penitentiary.

The record discloses that on the date of the alleged offense
Sheriff Frank House and his deputy, Stovall, obtained a search
warrant and went to the home of the appellant; that they
informed appellant that they had a warrant authorizing them
to search his residence and premises and began reading same,
whereupon the appellant informed them that it was unnecessary
to have a search warrant to search his premises and invited them
to make all the search that they desired, and further stated that
any time they desired to search his premises they were at liberty
to do so.  During the progress of the search the appellant took a
bottle containing about a pint of alcohol from his garage and
offered the officers a drink.  The appellant was then taken to
town by the officers, a complaint was filed against him, he made
bond, and he was immediately released.  Later in the day the
officers again went to the home of appellant and informed him

that they were dissatisfied with the search made earlier in the day and desired to search the premises again, whereupon the appellant told them that they were at liberty to search all that they desired. During the second search the officers found two gallons of alcohol under a bush in the cow lot across the street, or road, from appellant's house. The appellant was present at said time and denied any ownership or knowledge of same. It was the contention of the state, and evidence was introduced to that effect, that while the officers were searching the cellar of appellant's residence on the occasion of their first visit, the appellant left the house, went to the garage, took the alcohol therefrom and attempted to hide it under the bushes and at the place where they later discovered it. The appellant failed to testify or introduce any evidence in his behalf.

We find thirty bills of exception in the record, the number of which precludes a discussion of each bill separately. We gather that appellant's principal complaint, as set out in a large number of bills of exception, is to the searching of his premises without a sufficient search warrant; his contention being that it would be unlawful to search his residence and premises without a legal search warrant, even though he invited or consented to such a search. This proposition has been passed on by this court adversely to the appellant's contention. Hall v. State, 288 S. W. 202; Jackson v. State, No. 10040, opinion delivered January 12, 1927, yet unreported. In the Hall case, supra, this court specifically states that the necessity for a search warrant can be waived, but that silence is not a waiver.

In many bills of exception complaint is urged to the introduction of statements made by appellant to the officers while they were searching the premises, it being contended by appellant that at the time said statements were made he was under arrest. It was the contention of the state that appellant had not been arrested when the statements were made, but that if he had been arrested, said statements were res gestae. We think the state's contention in this particular is clearly correct, and that there is no question but that the statements made and complained of were part of the res gestae and hence admissible.

After a careful examination of the entire record we have concluded that there is only one question of a serious nature presented for our consideration, and that is the failure of the court to give in charge to the jury a proper definition of possession. The appellant being present when the two gallons of alcohol were found in his cow lot and having made a res gestae statement to the effect that neither the lot nor the alcohol belonged to him

and to the effect that he knew nothing about it, we are of the opinion that the issue as to his possession of the alcohol was raised and that the court should have charged the jury what constituted possession under the law after his attention had been specifically directed to same by appellant's objections to the charge. Had there been no issue raised as to the possession of the alcohol by appellant, then, of course, we concede that there would have been no necessity for such a charge, but we think that in the instant case the appellant's res gestae statement clearly raised this issue. In the case of Bramblett v. State, 94 Tex. Crim. Rep. 250, this court, speaking through Judge Hawkins on a question of sale of intoxicating liquor, stated, in discussing the case of Young v. State, 92 Tex. Crim. Rep. 277:

"No issue was raised in that case as to whether the transaction testified about was a sale. In the instant case it is patent from the testimony of the alleged purchaser that it leaves an issue to be settled by the jury whether, on the one hand, he had loaned money to appellant charging it against him on the mercantile account expecting repayment, and whether appellant had given him the whiskey without expected compensation, or, on the other hand, whether the transaction was a camouflage to cover a sale of whiskey. The learned trial judge fell into error in not giving to the jury the definition of a sale in order that they might have the benefit thereof in determining the direct issue raised by the testimony."

This court, in Smith v. State, 234 S. W. 893, Thomas v. State, 232 S. W. 826, Newton v. State, 250 S. W. 1036, and Sawyer v. State, 286 S. W. 210, discusses what constitutes a proper charge on possession.

For the error above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

I am inclined to think the testimony sufficiently excludes any doubt of the fact that the liquor was in the possession of appellant, so that the error in failing to define possession is one not likely to affect injuriously the rights of the appellant, but file no dissent.

LATTIMORE, Judge.