ERNEST BRIDWELL v. THE STATE.

No. 12430.   Delivered March 13, 1929.

The opinion states the case.

*C. C. McDonald,* and *B. Y. Cummings,* for appellant.

*A. A. Dawson,* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

Officers obtained a search warrant upon an affidavit stating that appellant and Claude Yarbrough were making whisky at the house described. When they made their search only appellant's wife and her sister were at said house. Six pints of whisky were found, four in a cedar chest in which were ladies' clothes, and two under the steps. A number of empty bottles having the odor of whisky were also found. There is nothing in the record showing where appellant was at the time of the search, or how long it had been since he was at the house, or that he exercised any care, control or management of said whisky, save the fact that it was in the house where he lived. It was also in testimony that Claude Yarbrough was arrested for being in possession of this same whisky.

For aught we know or can find out from this record appellant may have been a traveling man, or in some business or occupation that kept him away from home. It is not even shown that he was

in town or the community at the time of the search, or how long afterward it was before he was arrested. He did not testify on this trial. His wife did, and said that two other men, Claude Yarbrough and Vernon Slape also lived at said house. She denied the presence of any cedar chest in her house.

The case was submitted properly under a charge on circumstantial evidence, one of the fundamentals of which is that the circumstances must exclude every other reasonable hypothesis except that of the guilt of the accused. Applying this test, we are constrained to the view that the evidence here fails to meet such requirement. Not one circumstance supports the issue of possession for sale on the part of appellant, save the single fact that in his home was found six pints of whisky. If he had sold or made whisky reasonably near in point of time, this might have shed light, but there is no such proof. If he had bought or obtained from any source whisky reasonably near in point of time, but there is no such proof. If he had made statements affirming or suggesting his possession, but there is no such proof. If he was in actual control or management, but we find no such proof. If he was at the house that day or near that time, or was in town, etc., or was the only man on the place or living there, but we find no such proof. These suggested circumstances are all not only wanting, but it was affirmatively in proof that other men than appellant lived in the house, one of whom was named in the warrant as a possessor with appellant of the whisky. We can not allow a judgment to stand upon such flimsy testimony.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*