JOHN GARRETT v. THE STATE.

No. 13132. Delivered March 19, 1930.
Reported in 26 S. W. (2d) 279.

The opinion states the case.

*T. J. Sanders* of Spur, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The possession of intoxicating liquor for the purpose of sale is the offense; punishment fixed at confinement in the penitentiary for one year.

John Garrett was the owner of a 1400-acre tract of land upon which he resided with his family. His son, Tony Garrett, also resided upon the place but at a different home from that occupied

by the appellant. A windmill some distance from the appellant's house was used by him and another jointly. On the place there had also lived Bill Griffin, a single man, who resided upon the place before and after it was occupied by the appellant. On the 10th of April the sheriff and the witness Hutto entered upon the appellant's farm by permission and were making a search, the purpose of which is not disclosed save that they were not looking for intoxicating liquor. By accident, however, they found five gallons of corn whisky buried in the ground a short distance from the windmill. At the time it was found the appellant was not present, but according to the undisputed testimony (coming from both the State and the appellant) was in jail. Why he was in jail is not disclosed, nor is it made to appear how long he had been there. The length of time that the whisky had been buried is indefinite. The sheriff who found it estimated from the appearance of the ground that the whisky had been there for about three days. However, there were no definite means by which this could be ascertained. The son of the appellant (who lived several hundred yards from the place) testified and disclaimed any knowledge of the whisky. Likewise did the wife of the appellant and the appellant himself. The appellant proved without controversy his good reputation as a law-abiding man.

Griffin had left the place from some undisclosed reason a short time before the whisky was discovered. The length of time is indefinite, but it was variously estimated from one to two weeks. The whereabouts of Griffin was unknown. He gave no notice of his destination when he left; nor did he tell the appellant that he was going. While on his place the appellant employed Griffin to do certain work. According to the appellant's testimony, Griffin had on two occasions been found in possession of mash some 400 yards or more from the dwelling-place. The appellant remonstrated with Griffin, destroyed the mash on the first occasion and directed that the other be destroyed. Griffin had been a very heavy purchaser of sugar (one of the ingredients for making whisky) and had purchased sugar from a nearby merchant, as much as five hundred pounds at one time.

Circumstantial evidence alone was relied upon to show that the offense was committed and to convict the appellant. The evidence is not regarded as sufficient to meet the requirements of the law relative to a conviction upon circumstantial evidence. The appellant was in jail at the time the whisky was found, and so far as the evidence shows, he may have been there for a long time. The State

failed to prove by the sheriff the length of time that the appellant had been in jail. It is a rule applicable to circumstantial evidence that where a relevant, competent and material fact is in possession of the State and not disclosed it will not be resolved against the accused. See Bridwell v. State, 15 S. W. (2d) 12, for analogous facts.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*