CARL ENGLISH v. THE STATE.

No. 14808. Delivered February 7, 1932.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for five years.

A state highway patrolman found appellant "tinkering" with a car on the highway near Santa Anna. No one else was present. The officer smelled whisky on appellant's breath. Going to town, he got some other officers and returned to the car. The car was pushed into town and searched. Appellant had no key to the car. The officers broke into the back end of the car and found approximately ten gallons of whisky in kegs. Appellant stated to the officers at the time that the car did not belong to him. He told the officers that he had been riding in the car with a man, who had picked him up on the highway. He said the man had gone on into town to secure the aid of a mechanic. He declared to the officers that he did not have the key to the car, but that the owner had it. The car was not in running order when discovered by the patrolman. One of the officers testified that appellant was intoxicated. Another officers testified that appellant had been drinking, but he would not say that he was intoxicated. The foregoing facts came from state's witnesses.

Testifying in his own behalf, appellant denied that the automobile belonged to him. He said that he had been walking along the highway when a man came along and picked him up in the car, and that it was after the car refused to run that this man went into town for the purpose of securing the aid of a mechanic. Appellant testified, further, that he did not know there was any whisky in the car. He said the whisky did not belong to him. He denied that he was drunk, but admitted that he had been drinking beer before entering the car. Witnesses for appellant testified that they had seen appellant shortly prior to the time he was arrested and that he was walking. There was testimony from appellant's witnesses to the effect that he did not own an automobile. Appellant described the man with whom he was riding, but declared that he did not know his name.

There was no testimony tending to show that appellant had sold or offered to sell any of the liquor found in the car. The state failed to offer proof to the effect that the car belonged to appellant. A search of appellant's person failed to disclose the key to the car.

The court charged on circumstantial evidence. After submitting an instruction covering the presumption arising from the possession of more than a quart of intoxicating liquor, the court applied the law to the facts,

from the state's standpoint. The jury were then advised in the charge that if they had a reasonable doubt as to whether appellant possessed the liquor or had a reasonable doubt that he possessed it for the purpose of sale, if they found that he did possess it, to return a verdict of not guilty. Nowhere in the charge did the court define the term "possession". Appellant timely and properly objected to the charge on the ground that the term "possession" was not defined. There was a sharp issue raised as to the possession of the liquor by appellant. Appellant's res gestae statement was to the effect that he did not own the car and that it belonged to another man with whom he had been riding, and, further, to the effect that he did not know there was whisky in the car, and that it did not belong to him. As heretofore stated, appellant testified upon the trial that the car was not his, and that he had no knowledge that it contained whisky while he was riding with the owner. Other than appellant's presence at the car, the state failed to introduce any evidence showing or tending to show that the automobile belonged to appellant. The issue as to whether appellant possessed the whisky having been raised by the evidence, the court, in response to appellant's exception, should have defined the term "possession". Andrews v. State, 106 Texas Crim. Rep., 357, 292 S. W., 880.

Bill of exception No. 1 relates to questions propounded by the district attorney to the jury panel. In view of the fact that the case is reversed because of the error hereinbefore mentioned, we deem it unnecessary to discuss this bill of exception. The matters complained of are not likely to occur upon another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals had been examined by the Judges of the Court of Criminal Appeals and approved by the Court.