HORACE WELLS V. THE STATE.

No. 16225. Delivered January 17, 1934.
Reported in 67 S. W. (2d) 305:

202.

The opinion states the case.

*S. F. Rose,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for the possession of a still for the purpose of manufacturing intoxicating liquor; punishment, one year in the penitentiary.

It is urged by counsel for appellant that the evidence falls short of meeting the requirements to establish guilt in a case depending on circumstantial evidence. Our State's Attorney admits that he has been unable to reach the conclusion that the evidence is sufficient.

On the 20th day of March, 1933, officers found in a tin barn some seven miles from Amarillo a complete still together with a large quantity of mash and more than 30 gallons of whisky. The still was not in operation when found but it was yet warm as was also the whisky. The premises upon which the still was found consisted of between 7 and 12 acres. The residence on the place was about one hundred yards from the barn. The residence was occupied by a man named Scott. The officers found in the residence and arrested Cal Davis and Wayne Pierson. If Scott was arrested, the evidence fails to show it. Appellant was indicted jointly with Davis and Pierson but was alone upon trial. There is no evidence indicating when the still was installed on the premises nor by whom. Ap-

pellant is never shown to have been in the residence, nor in the barn, nor on the premises, nor is he ever shown to have associated with Scott, Davis, or Pierson. In an effort to fasten guilt upon appellant as a principal in possessing the still in question the state introduced proof of the following circumstances:

L. B. Cox was a rental agent for the owner of the premises where the still was found. Cox had rented the premises several times but the record fails to show to whom it had been rented at any time prior to March 2, 1933, or who was the lessee in December, 1932. On March 2nd Cox rented the premises to one F. H. McFadden. All of the conversation with reference to the rental was with McFadden. To the best judgment of the witness Cox appellant was with McFadden at the time but took no part in the conversation. A rental price of $8.00 per month, three months rent payable in advance, was agreed to. Appellant (if he was the man with McFadden) paid the $24.00 in cash to Cox, the receipt being issued in McFadden's name. At this point McFadden fades out of the picture and is never heard from again so far as the record reveals.

The state also introduced as a witness W. P. Reed who said he was in the "sheet metal" business. According to his testimony a man whom witness did not know came into his place of business the latter part of December, 1932, with some sheet copper and a drawing and requested witness to make a tank or still as shown in the drawing. This man had been in witness' place of business several times talking about the matter. On one or two occasions appellant was with the man but never at any time talked to witness about the order. He was not present when the drawing was left and the order for making the still finally given. Reed would not be certain that appellant was ever present when the other man was talking about the order. Some two weeks later and after the still had been made, delivered to, and paid for by parties other than appellant and in his absence, the latter went into Reed's place and ordered a water tank made. Appellant paid $15.00 for this water tank which was not shown to have been any part of the still or in any way used in connection with it.

On March 23 (three days after the still and whisky had been taken possession of by the officers), appellant went to Reed's place of business, furnished him with six pieces of sheet copper and requested him to make another "outfit" like the one he had last made, which Reed understood referred to the one made in December. This last order was filled by Reed but the still (which is referred to in the testimony as the new still)

was never delivered to appellant. It was taken by the officers from Reed's place of business. The state proved that at the time appellant was making arrangements about having the new still made an employee of Reed by the name of Bradford asked appellant if the outfit which the sheriff had brought to the jail (referring to the outfit found by the officers on March 20th) belonged to appellant, to which appellant replied that it did not, that it was not his. The state also proved by Reed that after appellant had been arrested and gave bond he came into witness' place of business, told him that he was under $2500.00 bond for the last still heretofore mentioned and asked witness if he was going to recognize appellant as the man who left the copper for that order and that witness told appellant he would have to recognize him as he then knew who he was.

The evidence having related to two stills, one referred to as the old or used still and one to the new still, the state at the appellant's request elected to prosecute for the possession of the old still, the one taken by the officers on March 20th.

If there are any circumstances other than those related upon which the state relied to prove that appellant was in possession of the still in question, we have overlooked it.

The court charged on circumstantial evidence and also charged on principals, recognizing that parties may be co-principals in the unlawful possession of a still for the purpose of manufacturing intoxicating liquor. We confess our inability to find in the record the testimony which fastens upon the appellant guilt as a principal in any phase of that term. The circumstances proven may raise a suspicion that appellant had knowledge of the unlawful enterprise being conducted in the barn on the premises raided, and perhaps that he might be in some way interested in the enterprise. As heretofore stated appellant was never shown to have been present at the still nor nearer than seven miles of it. A party, however, may be a principal without actually being present. We quote from Middleton v. State, 86 Texas Crim. Rep., 307, 217 S. W., 1046: "* * * Article 74 (now Art. 65) of our Penal Code says that all persons who are guilty of acting together in the commission of an offense are principal offenders. Following this comprehensive general statement of the underlying principle, which is acting together in the commission of the offense, come articles 76 to 78 (now articles 67 to 69), each pointing out specific ways in which the parties may be said to act together. The six specific definitions in these articles hold that in the following cases the parties are principals:

"(1) When A. actually commits the offense, but B. is

present, knowing the unlawful intent, and aids by acts or encourages by words.

"(2) When A. actually commits the offense, but B. keeps watch, so as to prevent the interruption of A.

"(3) When A. is actually executing the unlawful act, and B. engages in procuring aid, arms, or means of any kind to assist while A. executes said unlawful act.

"(4) When A. actually commits the offense, but B., at the time of such commission, is endeavoring to secure the safety or concealment of A., or of A. and B.

"(5) When A. employs an innocent agent, or by indirect means causes the injury, or brings about the commission of the offense.

"(6) When A. advises or agrees to the commission of the offense, and is present when the same is committed, whether he aid or not."

It very clearly appears from the foregoing quotation when it is possible for one to be a principal in the commission of an offense whether present or absent where and at the time the offense is being committed. We find no sufficient evidence which brings appellant within the scope of a principal in any of the ways designated. In Branch's Ann. Tex. Penal Code, sec. 1877, p. 1042, the rule is stated as follows: "A conviction based on circumstantial evidence will not be sustained if the circumstances proven do not exclude every other reasonable hypothesis except that of defendant's guilt. Proof which only amounts to a strong suspicion or mere probability is not sufficient to support a conviction." The text is supported by Pogue v. State, 12 Texas App., 283, and many other cases cited. See, also, Garrett v. State, 114 Texas Crim. Rep., 573, 26 S. W. (2d) 279; Bridwell v. State, 111 Texas Crim. Rep., 546, 15 S. W. (2d) 12.

Finding that the judgment must be reversed for the reasons heretofore indicated we deem it unnecessary to write at length on other questions presented and only advert to some of them in event of another trial.

Appellant excepted to the omission from the court's instruction of the definition of the term "possess." Under the evidence we think this exception should have been responded to and a proper definition given for the guidance of the jury. English v. State, 46 S. W. (2d) 697; Andrews v. State, 106 Texas Crim. Rep., 357, 292 S. W., 880.

The court submitted to the jury the question of whether Reed and Bradford were accomplice witnesses. This was excepted to on the ground that they were accomplice witnesses as

a matter of law and the court should have so instructed. Reed's evidence is uncertain and unsatisfactory. It is difficult to reach any other conclusion than that when he was making the still in December he knew what it was and that it was to be used for the purpose of unlawfully manufacturing whisky. If we are correct in this, Reed would appear to be an accomplice as a matter of law. Some doubt on this point arises as to Bradford.

We observe an error in the charge on accomplice witnesses. After telling the jury that they must believe the testimony of the accomplice witness to be "true" the court inadvertently omitted to tell them that the accomplice testimony must either show the accused's guilt or connect him with the offense (as the case might be). In other words, under the instruction the testimony of the accomplice witness might have been to an entirely immaterial matter but if the jury believed it to be true it would form the basis for a conviction if other testimony tended to connect the accused with the commission of the offense. We do not predicate a reversal upon this error as it is doubtful if the exception to the charge was sufficiently specific to direct the court's attention to it.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*