R. F. MILLER v. THE STATE.

No. 19305.   Delivered January 12, 1938.
State's rehearing denied March 9, 1938.

The opinion states the case.

*J. Mitch Johnson,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellant was charged by complaint and information with having on or about March 8, 1937, unlawfully possessed for the purpose of sale intoxicating liquor, viz.: one quart and six pints, and one part of a pint of whisky, in San Saba County, it being alleged by proper averments that the sale of intoxicating liquor had been prohibited in said county by

an election held therein in March, 1914. Upon conviction a fine of $150 was assessed against appellant.

The case must be reversed because of a bad description of the property sought to be searched, but other questions are raised which we think it proper to consider and dispose of because other cases are pending presenting the same points.

The State introduced the orders of the commissioners' court ordering the election in San Saba County in 1914, the petition upon which said order was made, the order declaring the result, and the certificate of the then county judge as to the publications of said order. Appellant brings forward bills of exception complaining of all the evidence mentioned. The objection in each instance was that there "was a variance between the allegations made in said information and complaint and the proof offered, in that the pleadings of the State do not contain sufficient allegations to support the records introduced by the State." We discover no error of the court in admitting the orders of the commissioners' court, and the certificate of the then county judge under the averments in the complaint and information. We are not advised what claimed "variance" existed unless it be based on the fact that the election mentioned prohibited the *sale* of intoxicating liquor in the county and the charge against appellant was for possessing intoxicating liquor *for the purpose of sale*. If this be the variance complained of the recent case of Price v. State, 109 S. W. (2d) 198, and those cited in that opinion are against appellant's contention.

Officers operating under a search warrant found in appellant's private residence the whisky described in the complaint and information, it being more than a quart. The law in effect when the offense is claimed to have occurred made the possession of more than a quart of intoxicating liquor prima facie evidence that it was possessed for the purpose of sale. The whisky here was found in appellant's possession. Appellant's point that the court should have charged on circumstantial evidence is decided against him in Terry v. State, 101 Texas Crim. Rep. 267, 275 S. W. 837; Buchanan v. State, 107 Texas Crim. Rep. 559, 298 S. W. 569; Fromm v. State, 118 Texas Crim. Rep. 265, 39 S. W. (2d) 67.

Appellant filed written objections to the charge for omitting a definition of possession, and presented a special charge containing such definition. The facts in many cases raise an issue which calls for such instruction in order that the jury may understand the law as it relates to the facts before them, and an omission to give such instruction under the circumstances mentioned would be error. See Wells v. State, 125 Texas

Crim. Rep. 201, 67 S. W. (2d) 305; Andrews v. State, 106 Texas Crim. Rep. 357, 292 S. W. 880; English v. State, 119 Texas Crim. Rep. 202, 46 S. W. (2d) 697. Where the undisputed evidence shows—as it does here—that accused was in possession of the whisky, an omission from the charge of the definition of possession can not be held erroneous. In Greer v. State, 101 Texas Crim. Rep. 44, 273 S. W. 861, accused was upon trial charged with selling intoxicating liquor. He complained that the court did not define the term "sale." We said: "We find nothing in appellant's complaint directed at the failure of the court to define the term 'sale.' There was no possibility of confusion in the minds of the jury on the subject. It was not claimed that the transaction might be a gift or anything else save and except a sale." The same reasoning applies here on the question of possession.

Appellant complained that the search warrant contained no description of the property to be searched. That such description must be in the warrant is not debatable. Our Constitution, statutes and decisions all require it. The affidavit for the search warrant did contain a description of the property. On one sheet of paper appeared either the original affidavit or a copy thereof, and immediately below it appeared the warrant which referred to the "above complaint" and to the "foregoing affidavit," which in express terms is "made a part" of the warrant. This being true, we believe the description in the affidavit became a part of the warrant, and would be sufficient had the description in the affidavit not been subject to challenge. See Monroe v. State, 123 Texas Crim. Rep. 84, 57 S. W. (2d) 856.

When the State offered the officers as witnesses to testify to the result of the search appellant objected on the ground that the property sought to be searched was not described in the affidavit and warrant with that certainty demanded by the law; the objection was overruled and appellant brings that point forward for review. The description of the property follows: " * * * a certain private dwelling, located, San Saba County, Texas, described as being a fractional part of an acre of land out of the R. D. McAnally Survey No. 37, and described by metes and bounds in a deed from Carl Turner, et ux. to R. F. Miller, recorded in Vol. 95, page 344, Deed records, of San Saba County, Texas, and being the premises of R. F. Miller, * * *."

We do not discuss whether reference to the deed mentioned for the field notes furnishes any information as to the metes and bounds of the premises generally. Certainly the officers could not know from said description what "fractional part" of the acre mentioned was included—whether one-tenth or nine-tenths

of an acre. But waiving the defect mentioned, it will be noted that nowhere in the description is it made known that the "private dwelling" sought to be searched was that occupied by R. F. Miller, the appellant. It is shown that the "fractional part" of the acre—however much that may have been—was the premises of R. F. Miller, but no averment that he lived on it, or occupied a dwelling on it. Many people own "premises" on which there may be situated many residences, all of which may be occupied by people other than the owner, when he in fact lives— has his residence—at an entirely different place. It is true that the officers testified that they knew the house searched was appellant's residence, but such testimony would not supply the omission of such averment in the description of the property in the affidavit and warrant. We have had occasion to write many opinions dealing with the subject under discussion, and many of the cases will be found cited under a general discussion of the "Sufficiency of Description," in 38 Texas Jur., Sec. 33, pages 56 and 57, and also in Vernon's Texas P. C., Vol. 1, in the 1936 Cumulative Annual Pocket Part, under Article 691, pages 147-152 of said Pocket Part. The enforcement of the present intoxicating liquor laws now devolves upon different officers than did the enforcement under the State-wide prohibition laws, and we commend to the present enforcement officers an examination of those opinions rendered upon subjects with which they are now required to deal.

Appellant's objections to evidence regarding the result of the search because of insufficient description of the property should have been sustained, and because of the error in admitting it over objection, the judgment must be reversed and the cause remanded, and it is so ordered.

### ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—The State, in its motion for a rehearing, earnestly insists that we erred in our original opinion in this case by holding that the premises were insufficiently described in the affidavit for the search warrant. In support of its contention, the State seems to rely on the following cases: Boone v. State, 114 Texas Crim. Rep. 653, 26 S. W. (2d) 655; Odell v. State, 105 Texas Crim. Rep. 646, 290 S. W. 164; Watson v. State, 110 Texas Crim. Rep. 199, 9 S. W. (2d) 265; Hernandez v. State, 109 Texas Crim. Rep. 246, 4 S. W. (2d) 82.

In the Boone case it is specifically recited in the affidavit that the residence to be searched was occupied by Boone. In

Odell's case, the house to be searched was designated in the affidavit as a house in the possession of Odell. In Watson's case, the affidavit contained enumerated buildings and recites that they were in charge of Watson. In the Hernandez case, after describing the premises in the affidavit for a search warrant, it was recited that Hernandez was in possession of the premises. None of these recitals are found in the affidavit in the instant case.

Believing that the case was properly disposed of in our original opinion, the State's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.