TATUM V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-520-CR

BOBBY DEAN TATUM APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Bobby Dean Tatum appeals from his conviction for possession of four grams or more but less than two hundred grams of methamphetamine.  In three points, he argues that the evidence is factually insufficient to support his conviction and that the trial court erred by failing to suppress the results of  a search executed under a warrant that misstated the address of the premises to be searched.  We affirm.

Factual Sufficiency

In his first point, Appellant argues that the evidence is factually insufficient to support his conviction.

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) when the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment and, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

A person commits an offense if the person knowingly or intentionally possesses methamphetamine.  
Tex. Health & Safety Code Ann.
 §§ 481.102(6), 481.115(a) (Vernon Supp. 2005).  To prove possession of a controlled substance, the State must prove (1) that the defendant exercised care, custody, control, or management over the substance, and (2) that the defendant knew the substance was a controlled substance.  
Martin v. State
, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988);  
Cude v. State
, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986).  When the accused is not in exclusive control of the place the contraband is found, there must be independent facts and circumstances linking the accused to the contraband.  
Cude
, 716 S.W.2d at 47.

Six witnesses testified at the guilt/innocence phase of trial.  Kevin Turner, a narcotics investigator with the Tarrant County Sheriff’s Office, testified that a confidential informant told him that Appellant was distributing methamphetamine from his residence on Rendon-New Hope Road.  Turner obtained a search warrant for the residence and, with several other law enforcement officers, executed it on the same day.  The residence in question was a small, one-bedroom mobile home trailer.  Appellant was inside the trailer and opened the door after the officers struck it several times with a battering ram.  Officers secured the trailer and found two other people—Cherol Harris and Dale Spear—in the bedroom. 

Sheriff’s Deputy Chuck Wiesman participated in the execution of the warrant.  Wiesman testified that he searched Appellant’s person and found a ziplock baggie in his left front trouser pocket containing an off-white substance that appeared to be methamphetamine. 

Sheriff’s Office Sergeant Floyd Heckman helped search the residence.  He testified that he found a small tin container and a syringe containing liquid in the living room. 

Sheriff’s Office Investigator Mike Neff also assisted with the search.  He testified that he found a ziplock bag in the bedroom containing “various items.”  Investigator Turner testified that the “various items” were syringes, a digital scale, and a glass smoking pipe.  Investigator Neff also searched the vehicles parked around the trailer.  In the trunk of Dale Spear’s car, he found a bag containing, among other things, digital scales, syringes, and a metal spoon. 

Michelle O’Neal, a senior forensic chemist with the Tarrant County Medical Examiner’s Office, analyzed the evidence seized from Appellant’s residence.  The baggie found in Appellant’s pocket held 2.02 grams of a substance containing methamphetamine.  The syringe found by Sergeant Heckman held .5 grams of a substance containing methamphetamine.  Two baggies inside the tin container found by Sergeant Heckman held substances containing methamphetamine that weighed 1.25 grams and .57 grams, respectively.  The methamphetamine-containing substances analyzed by O’Neal had a combined mass of 4.34 grams. 

Cherol Harris testified for the defense.  Harris testified that she arrived at Appellant’s residence around lunchtime.  Appellant, dressed only in his underwear, let her in and then lay down in the bedroom.  Harris went into the bathroom.  While she was in the bathroom, someone else knocked on the trailer door.  Harris answered the door and admitted Dale Spear.  Harris returned to the bathroom while Spear walked down the hall to the bedroom and then returned to the living room.  Harris heard someone leave the trailer and then return after a minute or two.  Harris testified that Spear “started to fix a shot of dope” in the living room.  At that moment, the Sheriff’s Office knocked on the door.  Appellant came out of the bedroom while trying to put his pants on. Spear and Harris ran to the bedroom and lay down on the bed.  On cross-examination, Harris admitted that she had used narcotics in the past, that Appellant was her husband’s brother-in-law, that she and her children used to live with Appellant, and that she had been convicted of prostitution several years before trial. 

Appellant argues that Harris’s testimony precluded the jury from rationally concluding beyond a reasonable doubt that Appellant knowingly possessed the methamphetamine.  Appellant posits from Harris’s testimony that Spear could have brought the methamphetamine into the trailer and deposited a baggie of the drug in Appellant’s trouser pocket while Appellant, unknowing, slept.

The jury is the sole judge of the credibility of witnesses and the weight to be given their testimony.   
See Vasquez v. State
, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).  While the jury could have inferred from Harris’s testimony the possibility that Spear brought the drugs into Appellant’s home, it chose not to do so.  The jury was free to disbelieve Harris’s testimony or to reject the inferences that might be drawn from it.

Considering all of the evidence in a neutral light, we hold that the jury could rationally conclude from the evidence of the methamphetamine discovered in Appellant’s trailer and his trouser pocket that he knowingly possessed the drug.  The evidence is therefore factually sufficient to support Appellant’s conviction.  We overrule Appellant’s first point.

Suppression of Evidence

In his second and third points, Appellant argues that the trial court erred by overruling his motion to suppress evidence in violation of the United States and Texas constitutions and articles 18.01 and 18.02 of the code of criminal procedure.  Appellant contends that the trial court should have suppressed the evidence seized at his residence because the warrant identified the address of the premises to be searched as 5456 Rendon-New Hope Road, but the address of Appellant’s residence—and the premises actually searched—was 5458 Rendon-New Hope Road. 

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2004, pet. ref’d).  But when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court’s rulings on mixed questions of law and fact.  
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652-53.

When reviewing a trial court’s ruling on a mixed question of law and fact, the court of appeals may review de novo the trial court’s application of the law of search and seizure to the facts of the case.  
Estrada
, 154 S.W.3d at 607.  When there are no explicit findings of historical fact, the evidence must be viewed in the light most favorable to the trial court’s ruling.  
Id
.

 A search warrant must particularly describe the place to be searched.  
See Miller v. State
, 134 Tex. Crim. 118, 114 S.W.2d 244, 245 (1938);
 Rios v. State
, 901 S.W.2d 704, 706 (Tex. App.—San Antonio 1995, no pet.) (“Both the Texas Constitution and the Code of Criminal Procedure provide that a search warrant describe the place to be searched ‘as near as may be.’”).  The warrant must be sufficient on its face to enable any executing officer to locate and distinguish the property, avoiding a reasonable probability of mistaken execution.  
Mason v. State
, 838 S.W.2d 657, 660 (Tex. App.—Corpus Christi 1992, pet. ref’d).  As Appellant concedes, a defect in an address will not by itself defeat the validity of a search warrant.  
See
 
Taylor v. State
, 974 S.W.2d 851, 855-56 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (holding that search of “7031 Foxport” when warrant listed “7131 Fox Port” was not unconstitutional); 
Williams v. State
, 928 S.W.2d 752, 754 (Tex. App.—Houston [14th Dist.] 1996, pet. granted), 
aff’d
, 965 S.W.2d 506 (Tex. Crim. App. 1998) (holding that warrant to search “10222 Forum West” was sufficient to permit search of “10210 Forum West” when warrant described in detail the physical appearance of latter address).

Investigator Turner’s search warrant affidavit described the location to be searched as follows:

5456 Rendon New Hope Road, Fort Worth, Tarrant County, Texas located and further described as a single story mobile residence constructed of a white metal siding.  The front of the residence faces north.  The front door of the residence is white in color and faces north.  The front of the residence has an attached porch.  The front of the porch is covered by dark colored lattice.  The residence is one residence to the west of an abandoned white and green trailer.  The driveway runs to the west along the north end of the property.  The numbers “5456” are displayed on a black mailbox in black on a white background.  The black mailbox and a gray mailbox are located on the south corner of the driveway. 

The search warrant incorporated Turner’s affidavit by reference and reiterated verbatim Turner’s description of the search location. 

At the hearing on Appellant’s motion to suppress, Turner testified that a confidential informant told him that Appellant possessed methamphetamine at his residence.  The informant gave Turner a description of the area around the trailer and the trailer itself.  Turner obtained Appellant’s driver’s license record, which listed Appellant’s address as 5456 Rendon-New Hope Road.  Turner viewed the property several times and conducted surveillance.  He described the location of Appellant’s trailer and an abandoned trailer relative to various landmarks on the property.  Turner drew a diagram of the property during the hearing, but the diagram does not appear in the record.  None of the buildings on the property displayed address numbers.  Turner studied Tarrant County Appraisal District maps and determined that the address for Appellant’s trailer was 5456 Rendon-New Hope Road.  The description of Appellant’s trailer in Turner’s warrant affidavit came from Turner’s own surveillance.  Turner testified that when he executed the warrant, he had no difficulty identifying the right trailer to search because it was white, faced north, and had a detached porch covered with dark lattice woodwork.  Turner testified that there was another mobile home thirty or forty yards farther down the driveway from the Appellant’s trailer, but it was not the same color and Turner did not think that it had a lattice-covered porch. 

Appellant’s mother, Louise Tatum, also testified at the suppression hearing.  She testified that she resided at 5456 Rendon-New Hope Road.  Tatum drew a diagram showing the location of her residence relative to other structures in the area, but like the diagram drawn by Turner, her diagram does not appear in the record.  She testified that “this front lot” where the “abandoned . . . trailer and this other little small trailer” were located was 5458 “according to the 911[] people.”  She testified that her residence had a front porch with latticework. 

Giving almost total deference to the trial court’s evaluation of Turner’s and Tatum’s credibility and demeanor, we hold that Turner’s affidavit and the search warrant described Appellant’s trailer with sufficient detail to enable any executing officer to locate and distinguish the property despite the alleged error in the address.  Turner’s testimony established that the physical description of the trailer and its location relative to the abandoned trailer were accurate.  Tatum’s testimony did nothing more than show that the address recited in the affidavit was incorrect and that her own residence had a porch with a wooden lattice.  She did not dispute the other details in Turner’s affidavit, and Appellant did not otherwise offer evidence to the contrary.

We hold that the execution of the search warrant did not violate Appellant’s rights under the fourth and fourteenth amendments of the United States Constitution.  We overrule Appellant’s second point.  Appellant argues that “the identical reasoning is applicable to the legitimacy of the search under the Texas Constitution [and] arts. 18.01 and 18.02” of the code of criminal procedure.  We therefore overrule his third point as well.
  See Heitman v. State
, 815 S.W.2d 681, 690-91 n.23 (Tex. Crim. App. 1991).

Conclusion

Having overruled all of Appellant’s issues, we affirm the judgment of the trial court.  
See
 
Tex. R. App. P.
 43.2(a).

ANNE GARDNER

JUSTICE

PANEL F: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 23, 2006 

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.