COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-04-520-CR

 

 

BOBBY DEAN TATUM                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                            Introduction








Appellant
Bobby Dean Tatum appeals from his conviction for possession of four grams or
more but less than two hundred grams of methamphetamine.  In three points, he argues that the evidence
is factually insufficient to support his conviction and that the trial court
erred by failing to suppress the results of 
a search executed under a warrant that misstated the address of the
premises to be searched.  We affirm.

                                        Factual
Sufficiency

In
his first point, Appellant argues that the evidence is factually insufficient
to support his conviction.








In
reviewing the factual sufficiency of the evidence to support a conviction, we
are to view all the evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: 
(1) when the evidence supporting the verdict or judgment, considered by
itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) when there is evidence both supporting and contradicting the verdict or
judgment and, weighing all of the evidence, the contrary evidence is so strong
that guilt cannot be proven beyond a reasonable doubt.  Id. at 484-85.  AThis standard acknowledges that
evidence of guilt can >preponderate= in favor of conviction but still be insufficient to prove
the elements of the crime beyond a reasonable doubt.@  Id. at
485.  In other words, evidence
supporting a guilty finding can outweigh the contrary proof but still be
insufficient to prove the elements of an offense beyond a reasonable doubt.  Id.

In
performing a factual sufficiency review, we are to give deference to the fact
finder=s determinations, including
determinations involving the credibility and demeanor of witnesses.  Id. at 481; Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). 
We may not substitute our judgment for the fact finder=s.  Zuniga, 144
S.W.3d at 482.  

A
proper factual sufficiency review requires an examination of all the
evidence.  Id. at 484,
486-87.  An opinion addressing factual
sufficiency must include a discussion of the most important and relevant
evidence that supports the appellant=s complaint on appeal.  Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).








A
person commits an offense if the person knowingly or intentionally possesses
methamphetamine.  Tex. Health & Safety Code Ann. '' 481.102(6), 481.115(a) (Vernon Supp. 2005).  To prove possession of a controlled
substance, the State must prove (1) that the defendant exercised care, custody,
control, or management over the substance, and (2) that the defendant knew the
substance was a controlled substance.  Martin
v. State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988);  Cude v. State, 716 S.W.2d 46, 47
(Tex. Crim. App. 1986).  When the
accused is not in exclusive control of the place the contraband is found, there
must be independent facts and circumstances linking the accused to the
contraband.  Cude, 716 S.W.2d at
47.

Six
witnesses testified at the guilt/innocence phase of trial.  Kevin Turner, a narcotics investigator with
the Tarrant County Sheriff=s Office, testified that a
confidential informant told him that Appellant was distributing methamphetamine
from his residence on Rendon-New Hope Road. 
Turner obtained a search warrant for the residence and, with several
other law enforcement officers, executed it on the same day.  The residence in question was a small,
one-bedroom mobile home trailer. 
Appellant was inside the trailer and opened the door after the officers
struck it several times with a battering ram. 
Officers secured the trailer and found two other peopleCCherol Harris and Dale SpearCin the bedroom. 

Sheriff=s Deputy Chuck Wiesman participated in the execution of
the warrant.  Wiesman testified that he
searched Appellant=s person and found a ziplock
baggie in his left front trouser pocket containing an off-white substance that
appeared to be methamphetamine. 

Sheriff=s Office Sergeant Floyd Heckman helped search the
residence.  He testified that he found a
small tin container and a syringe containing liquid in the living room. 








Sheriff=s Office Investigator Mike Neff also assisted with the
search.  He testified that he found a
ziplock bag in the bedroom containing Avarious items.@  Investigator
Turner testified that the Avarious items@ were syringes, a digital scale, and a glass smoking
pipe.  Investigator Neff also searched
the vehicles parked around the trailer. 
In the trunk of Dale Spear=s car, he found a bag containing,
among other things, digital scales, syringes, and a metal spoon. 

Michelle
O=Neal, a senior forensic chemist
with the Tarrant County Medical Examiner=s Office, analyzed the evidence
seized from Appellant=s residence.  The baggie found in Appellant=s pocket held 2.02 grams of a substance containing methamphetamine.  The syringe found by Sergeant Heckman held
.5 grams of a substance containing methamphetamine.  Two baggies inside the tin container found by Sergeant Heckman held
substances containing methamphetamine that weighed 1.25 grams and .57 grams, respectively.  The methamphetamine-containing substances
analyzed by O=Neal had a combined mass of 4.34
grams. 








Cherol
Harris testified for the defense. 
Harris testified that she arrived at Appellant=s residence around lunchtime.  Appellant, dressed only in his underwear, let her in and then lay
down in the bedroom.  Harris went into
the bathroom.  While she was in the
bathroom, someone else knocked on the trailer door.  Harris answered the door and admitted Dale Spear.  Harris returned to the bathroom while Spear
walked down the hall to the bedroom and then returned to the living room.  Harris heard someone leave the trailer and
then return after a minute or two.  Harris
testified that Spear Astarted to fix a shot of dope@ in the living room. 
At that moment, the Sheriff=s Office knocked on the door.  Appellant came out of the bedroom while
trying to put his pants on. Spear and Harris ran to the bedroom and lay down on
the bed.  On cross-examination, Harris
admitted that she had used narcotics in the past, that Appellant was her
husband=s brother-in-law, that she and her
children used to live with Appellant, and that she had been convicted of
prostitution several years before trial. 

Appellant
argues that Harris=s testimony precluded the jury
from rationally concluding beyond a reasonable doubt that Appellant knowingly
possessed the methamphetamine. 
Appellant posits from Harris=s testimony that Spear could have
brought the methamphetamine into the trailer and deposited a baggie of the drug
in Appellant=s trouser pocket while Appellant,
unknowing, slept.








The
jury is the sole judge of the credibility of witnesses and the weight to be
given their testimony.   See Vasquez
v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).  While the jury could have inferred from
Harris=s testimony the possibility that
Spear brought the drugs into Appellant=s home, it chose not to do
so.  The jury was free to disbelieve
Harris=s testimony or to reject the
inferences that might be drawn from it.

Considering
all of the evidence in a neutral light, we hold that the jury could rationally
conclude from the evidence of the methamphetamine discovered in Appellant=s trailer and his trouser pocket that he knowingly
possessed the drug.  The evidence is
therefore factually sufficient to support Appellant=s conviction.  We
overrule Appellant=s first point.

                                    Suppression
of Evidence

In
his second and third points, Appellant argues that the trial court erred by
overruling his motion to suppress evidence in violation of the United States
and Texas constitutions and articles 18.01 and 18.02 of the code of criminal
procedure.  Appellant contends that the
trial court should have suppressed the evidence seized at his residence because
the warrant identified the address of the premises to be searched as 5456
Rendon-New Hope Road, but the address of Appellant=s residenceCand the premises actually searchedCwas 5458 Rendon-New Hope Road. 








We
review a trial court=s ruling on a motion to suppress
evidence under a bifurcated standard of review.  Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App.
2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court=s decision, we do not engage in our own factual
review.  Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990); Best v. State, 118 S.W.3d 857,
861 (Tex. App.CFort Worth 2003, no pet.).  The trial judge is the sole trier of fact
and judge of the credibility of the witnesses and the weight to be given their
testimony.  State v. Ross, 32
S.W.3d 853, 855 (Tex. Crim. App. 2000); State v. Ballard, 987 S.W.2d
889, 891 (Tex. Crim. App. 1999). 
Therefore, we give almost total deference to the trial court=s rulings on (1) questions of historical fact and (2)
application‑of‑law‑to‑fact questions that turn on an
evaluation of credibility and demeanor. 
Johnson v. State, 68 S.W.3d 644, 652‑53 (Tex. Crim. App.
2002); State v. Ballman, 157 S.W.3d 65, 68 (Tex. App.CFort Worth 2004, pet. ref=d).  But when the trial court=s rulings do not turn on the
credibility and demeanor of the witnesses, we review de novo a trial court=s rulings on mixed questions of law and fact.  Estrada v. State, 154 S.W.3d 604, 607
(Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652‑53.

When
reviewing a trial court=s ruling on a mixed question of
law and fact, the court of appeals may review de novo the trial court=s application of the law of search and seizure to the
facts of the case.  Estrada, 154
S.W.3d at 607.  When there are no
explicit findings of historical fact, the evidence must be viewed in the light
most favorable to the trial court=s ruling.  Id.








 A search warrant must particularly describe
the place to be searched.  See Miller
v. State, 134 Tex. Crim. 118, 114 S.W.2d 244, 245 (1938); Rios v. State,
901 S.W.2d 704, 706 (Tex. App.CSan Antonio 1995, no pet.) (ABoth the Texas Constitution and the Code of Criminal
Procedure provide that a search warrant describe the place to be searched >as near as may be.=@).  The warrant
must be sufficient on its face to enable any executing officer to locate and
distinguish the property, avoiding a reasonable probability of mistaken
execution.  Mason v. State, 838
S.W.2d 657, 660 (Tex. App.CCorpus Christi 1992, pet. ref=d).  As Appellant
concedes, a defect in an address will not by itself defeat the validity of a
search warrant.  See Taylor v.
State, 974 S.W.2d 851, 855-56 (Tex. App.CHouston [14th Dist.] 1998, no
pet.) (holding that search of A7031 Foxport@ when warrant listed A7131 Fox Port@ was not unconstitutional); Williams v. State, 928
S.W.2d 752, 754 (Tex. App.CHouston [14th Dist.] 1996, pet.
granted), aff=d, 965 S.W.2d 506 (Tex. Crim. App.
1998) (holding that warrant to search A10222 Forum West@ was sufficient to permit search of A10210 Forum West@ when warrant described in detail
the physical appearance of latter address).

Investigator
Turner=s search warrant affidavit
described the location to be searched as follows:








5456 Rendon New Hope Road, Fort
Worth, Tarrant County, Texas located and further described as a single story
mobile residence constructed of a white metal siding.  The front of the residence faces north.  The front door of the residence is white in color and faces
north.  The front of the residence has
an attached porch.  The front of the
porch is covered by dark colored lattice. 
The residence is one residence to the west of an abandoned white and
green trailer.  The driveway runs to the
west along the north end of the property. 
The numbers A5456@ are displayed on a black mailbox
in black on a white background.  The
black mailbox and a gray mailbox are located on the south corner of the
driveway. 

 

The search
warrant incorporated Turner=s affidavit by reference and
reiterated verbatim Turner=s description of the search
location. 








At
the hearing on Appellant=s motion to suppress, Turner
testified that a confidential informant told him that Appellant possessed
methamphetamine at his residence.  The
informant gave Turner a description of the area around the trailer and the
trailer itself.  Turner obtained
Appellant=s driver=s license record, which listed Appellant=s address as 5456 Rendon-New Hope Road.  Turner viewed the property several times and
conducted surveillance.  He described
the location of Appellant=s trailer and an abandoned trailer
relative to various landmarks on the property. 
Turner drew a diagram of the property during the hearing, but the
diagram does not appear in the record. 
None of the buildings on the property displayed address numbers.  Turner studied Tarrant County Appraisal
District maps and determined that the address for Appellant=s trailer was 5456 Rendon-New Hope Road.  The description of Appellant=s trailer in Turner=s warrant affidavit came from
Turner=s own surveillance.  Turner testified that when he executed the
warrant, he had no difficulty identifying the right trailer to search because
it was white, faced north, and had a detached porch covered with dark lattice
woodwork.  Turner testified that there
was another mobile home thirty or forty yards farther down the driveway from
the Appellant=s trailer, but it was not the same
color and Turner did not think that it had a lattice-covered porch. 

Appellant=s mother, Louise Tatum, also testified at the suppression
hearing.  She testified that she resided
at 5456 Rendon-New Hope Road.  Tatum drew
a diagram showing the location of her residence relative to other structures in
the area, but like the diagram drawn by Turner, her diagram does not appear in
the record.  She testified that Athis front lot@ where the Aabandoned . . . trailer and this other little small
trailer@ were located was 5458 Aaccording to the 911[] people.@  She testified
that her residence had a front porch with latticework. 








Giving
almost total deference to the trial court=s evaluation of Turner=s and Tatum=s credibility and demeanor, we
hold that Turner=s affidavit and the search warrant
described Appellant=s trailer with sufficient detail
to enable any executing officer to locate and distinguish the property despite
the alleged error in the address. 
Turner=s testimony established that the
physical description of the trailer and its location relative to the abandoned
trailer were accurate.  Tatum=s testimony did nothing more than show that the address
recited in the affidavit was incorrect and that her own residence had a porch
with a wooden lattice.  She did not
dispute the other details in Turner=s affidavit, and Appellant did not
otherwise offer evidence to the contrary.

We
hold that the execution of the search warrant did not violate Appellant=s rights under the fourth and fourteenth amendments of the
United States Constitution.  We overrule
Appellant=s second point.  Appellant argues that Athe identical reasoning is applicable to the legitimacy of
the search under the Texas Constitution [and] arts. 18.01 and 18.02@ of the code of criminal procedure.  We therefore overrule his third point as
well.  See Heitman v. State, 815
S.W.2d 681, 690‑91 n.23 (Tex. Crim. App. 1991).

                                             Conclusion

Having
overruled all of Appellant=s issues, we affirm the judgment
of the trial court.  See Tex. R. App. P. 43.2(a).

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:    GARDNER,
WALKER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R.
App. P. 47.2(b)

 

DELIVERED:  March 23, 2006        











[1]See Tex. R.
App. P. 47.4.