### George W. Reynolds v. The State.

#### No. 1268. Decided June 21, 1911.

#### Rehearing denied October 11, 1911.

**1.—Simple Assault—Sufficiency of the Evidence.**

Where, upon trial of assault, the evidence showed that the defendant by going on to the premises under the control of the prosecutor against the latter's will was the primary cause of the difficulty which thereafter arose between them, he could not sustain his plea of self-defense, although the facts attendant upon the difficulty might justify his course at that time, and there was no error.

**2.—Same—Charge of Court—Self-Defense.**

Where the defendant's requested charge on self-defense on trial of simple assault was given to the jury, he could not complain of the court's main charge on this issue.

**3.—Same—Charge of Court—Misdemeanor.**

In misdemeanor cases, unless the charge of the court is excepted to and special instructions are requested, the matter can not be revised on appeal. Following Dunbar v. State, 34 Texas Crim. Rep., 596, and other cases.

**4.—Same—Evidence—Voices.**

Where the witness testified that, while she would not positively swear that she recognized the parties by their voices, but that from her knowledge of them and their voices she believed it was they talking, there was no error in permitting her to testify to the language she heard in connection with the difficulty.

Appeal from the County Court of Somervell. Tried below before the Hon. J. G. Adams.

Appeal from a conviction of simple assault; penalty, a fine of $5. The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted for making an assault on Rube Strickland, and upon a trial his punishment was assessed at a fine of $5.

It appears that Rube Strickland rented a tract of land for the year 1910 from W. P. Moss, with the privilege of buying it. During the year appellant purchased the land from Moss, and during the

rental year without the consent—in fact against the will—of Strickland, entered on the land to do some clearing. Mrs. Strickland approached him and told him to get off the place. Appellant did not do so, but told her to send her husband to talk to him. Thus far there is no conflict in the testimony, but from here on there is a sharp conflict. The State's testimony would show that when Rube Strickland appeared he said to appellant, "Get out of there," when appellant replied, "Come put us out; come on and we will shoot it out." At this time, after some cursing, Strickland fired two shots from a target rifle. Appellant took after Strickland with a sumac stick, hit him with it and knocked him down; then got on him and struck him several times. This all took place inside the enclosure rented by Strickland.

Defendant's testimony would show that when Strickland appeared on the scene he was mad, and cursing, and shot at appellant's son, then shot at appellant, and started to again load the target, when appellant run him, caught up with him, and struck him with the stick, and upon Strickland falling, appellant got on him and struck him several times with his fist, but quit when Strickland said "he had enough."

If appellant had not been in the wrong in going in the enclosure without the consent and against the will of Strickland, we would be loath to let this conviction stand on the evidence, but inasmuch as he had been requested not to go in there until the end of the rental year, he had no right, even though he was the owner of the land by recent purchase, to invade the premises without the consent of the tenant, and his doing so under the circumstances, was with the knowledge that trouble would likely ensue, and he can not claim to be free from blame.

While appellant complains of the court's charge on self-defense, yet the charge requested by him on this theory was given by the court, and this being a misdemeanor, no such error is presented as should cause a reversal of the judgment.

There are some exceptions reserved to other portions of the charge, but no instructions were requested in regard thereto. In misdemeanor cases unless the charge is excepted to and special instructions in regard thereto as may be desired are requested, this court on appeal will not revise the charge. Dunbar v. State, 34 Texas Crim. Rep., 596, and cases there cited; Downey v. State, 33 Texas Crim. Rep., 380; Garner v. State, 28 Texas Crim. App., 561; Lloyd v. State, 19 Texas Crim. App., 321.

Nor was there error in admitting the testimony of Mrs. Ard; she testified she heard the voices, was well acquainted with appellant and Strickland, and had been so for a number of years; had talked with each of them, and she recognized their voices and heard what was said. Although not seeing them, she would not swear positively it was they doing the talking, but from her knowledge of the men and their voices she believed it was they talking, when the court permitted her

to detail the language she heard. The objection might go to the weight to be given this testimony, but would not render it inadmissible.

As stated in the beginning of this opinion, if appellant by his conduct was not the primary cause of the difficulty, by going into premises under another's control against his will, the facts attendant upon the difficulty might justify his course at that time. But both men appear to have been "carrying a chip on their shoulders," and both entering willingly into the difficulty.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied October 11, 1911.—Reporter.]