### PORTER JANUARY v. THE STATE.

#### No. 1688. Decided April 17, 1912.

**1.—Drunkenness in Public Place—Information—Public Officers—Statutes Construed.**

Under the statute, Act of February 21, 1879, all persons who get drunk in a public place are punishable under the law, and the Act is not confined to public officers; and where the information alleged that the defendant by the immoderate use of spirituous, vinous, and malt liquors unlawfully got drunk, etc., in a public place, describing same as a certain school house, naming same, where people were then and there assembled for the purpose of religious worship, the same was sufficient.

**2.—Same—Description of Public Place.**

Where the information alleged drunkenness in a public place as the gravamen of the offense and in describing the same, alleged that it was one where people then and there assemble for the purpose of religious worship, the latter allegation must be considered as a description of the public place.

**3.—Same—Evidence—Remarks of Counsel.**

It is immaterial what was done by the Justice Court in another case, as defendant was prosecuted in the County Court, and there was no error in excluding certain remarks of State's counsel made in the Justice Court.

**4.—Same—Evidence—Circumstances.**

Upon trial of drunkenness in a public place, there was no error in permitting testimony of circumstances showing that defendant had been drinking.

**5.—Same—Charge of Court—Special Charge.**

Where a special charge requested was not applicable to the facts in the case, there was no error in refusing same.

**6.—Same—Argument of Counsel.**

Where the argument of State's counsel was objected to and the objection sustained and the jury orally instructed not to consider same, there was no error in the absence of a requested written charge.

**7.—Same—Charge of Court—Public Place.**

Where, upon trial of drunkenness in a public place, the court's charge properly defined a public place, there was no error in refusing a special instruction on the same subject.

**8.—Same—Public Place—Religious Worship.**

Where a place is used for religious worship where people are assembled for that purpose, the same is a public place.

Appeal from the County Court of Van Zandt. Tried below before the Hon. C. L. Stanford.

Appeal from a conviction of drunkenness in a public place; penalty, a fine of $1.

The opinion states the case.

*Reese & Hubbard,* for appellant.—On question of argument of counsel: Smith v. State, 55 Texas Crim. Rep., 563, 117 S. W. Rep., 966; McKinley v. State, 52 Texas Crim. Rep., 182, 106 S. W. Rep., 342; Robbins v. State, 47 Texas Crim. Rep., 312, 83 S. W. Rep., 690; Marchen v. State, 53 Texas Crim. Rep., 115, 109 S. W. Rep., 126; Coleman v. State, 49 Texas Crim. Rep., 82, 90 S. W. Rep., 499.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—On September 19, 1911, the defendant was convicted in the County Court of Van Zandt County, Texas, under an information for the voluntary and immoderate use of spirituous, vinous and malt liquors and that he did then and there unlawfully get drunk and was then and there found in a state of intoxication in a certain public place, to wit, Whitter Schoolhouse, where people were there assembled for the purpose of religious worship. His punishment was assessed at a fine of $1.

The Assistant Attorney-General has so fully covered every issue in the case we have adopted his brief as our opinion in the case: "The defendant moved to quash the information for the following reasons, to wit: '1st: Because the same charges no offense against the laws of this State. 2d: Because the same is vague, uncertain and indefinite. 3d. Because if the same charges any offense at all, it is the offense of disturbing religious worship and not that of drunkenness in a public place. 4th: Because a conviction under said complaint and information would not be a bar to a prosecution for the disturbance of religious worship. Said complaint and information charging the offense to have been committed at Whitter Schoolhouse, where people had assembled for the purpose of religious worship. 5th: Because said complaint is ambiguous and does not apprise this defendant of what offense he is charged and does not charge any specific offense against the laws of the State, in this that it attempts to charge two separate and distinct offenses, the conviction is one of which would not be a bar for the subsequent prosecution for the other.

6th: Because the court's docket charges this defendant with the offense of disturbing religious worship at the time and place charged in said complaint and information, and for which they have once been arraigned in this court; while said complaint and information charges, or attempts to charge at said time and place, the offense of drunkenness in a public place, to wit, at Whitter Schoolhouse, where people had assembled for the purpose of religious worship. 7th: Because this defendant was arraigned· on a former complaint in a court of competent jurisdiction, to wit: Justice Court Precinct No. 1, Van Zandt County, and on a motion to quash was sustained, and the defendant discharged and the State's attorney refusing to refile in said court, he now pleads said judgment of said court in bar of this prosecution. Wherefore, defendant prays the court to quash said complaint and information filed herein and that they be discharged and · of this he prays judgment of the court.'

"That the legal issues may be thoroughly understood, the following observations will be made. Article 204 of the Revised Penal Code is as follows: 'Any person who shall get drunk or be found in a state of intoxication in any public place shall be deemed guilty of a misdemeanor, and, on conviction before a court of competent jurisdiction, shall be fined in a sum of not more than $100 for each and every offense.' In various points (not to be devisable from the rest of his brief) appellant claims that this law applies only to officers, and that a public place is only some place that is specially defined as a public place. The words of the statute are so clear and peremptory that it applies not only to public officers, but to anybody, especially when we consider in article 204, 'any persons who shall get drunk.' · The Act prohibiting public drunkenness in this State was passed February 21, 1879. The Act referring to public officers was passed on July 31, 1876, pp. 76, 77, the former Act made it an offense for *any person* to get drunk in a public place, while the Act of 1876 applied to officers only. From the dates of these Acts alone, it is apparent that the legislative intent in 1879 was to extend the law of July 31, 1876. This law of 1876 applied only to drunkenness by an officer, but the Act of February 21, 1879, extended the crime to any person who might commit the offense.

"One of the burdens of contention of the appellant in this case is that the information is insufficient, either as an information for drunkenness in a public place; or for the offense of disturbing religious worship, in that the same fails to allege that said congregation as assembled was conducting themselves in an orderly manner.

"When this case was submitted to the jury the court charged that the defendant could be convicted only 'for drunkenness in a public place.' The question of disturbing religious worship was not *an issue in the case.* Had it been, it would have been necessary to have alleged more than was alleged in this information in order to charge the offense. The peculiar words of the information are as follows:

The defendant 'did unlawfully by the voluntary and immoderate use of spirituous, vinous and malt liquors unlawfully get drunk and was then and there found in a state of intoxication in a certain public place, to wit, Whitter Schoolhouse, where people were then and there assembled for the purpose of religious worship.' That Whitter Schoolhouse was a public place would not be apparent were it not for the allegation that people were then and there assembled. The words 'for the purpose of religious worship might be a matter of description—descriptio rei—and therefore as an allegation might be required to be proven, possibly, under the rule of strict proof, but the gravamen of this offense is drunkenness in a public place where it will be a nuisance to mankind, that is, to an assemblage of people. It will be freely confessed that if the information were to be regarded as one for disturbance of religious worship that it would not be sufficient, but a place of religious worship resorted to by people in general is a public place, and the mere fact that the offense of the defendant was one against religious worship would not at all interfere with a prosecution for the offense of drunkenness at such place, if in fact he was at such place drunk when people had assembled there. The fact that he might be prosecuted for a graver offense than mere drunkenness in a public place cuts no figure, for the reasons that many times the same acts constitute many different offenses, and it is within the power and privilege of the State to elect upon which it will indict for. Wharton's Criminal Pleading and Practice (9th ed.), sections 291 to 294, and sections 464 to 467.

"Bill of exceptions No. 1 is to the refusal of the court 'to permit Walter Wilhite, justice of the peace of precinct No. 1, of Van Zandt County, Texas, to testify that after he had sustained a motion to quash the complaint filed in a companion case in his court, the county attorney left the courtroom, taking with him the papers in this case, remarking "that the court would not know a good motion from a bad one if he was to see it."' It is immaterial in this case as to what was done by the court in another case, and he, defendant, could be prosecuted in the County Court if he had not been tried in the Justice Court.

"Bill of exceptions No. 2 complains that on cross-examination of Miss Nobie Fails, a witness for the defendant, she was asked if she did not know as a matter of fact that the defendant was drunk and puking on the night and place in question, and if she did not afterwards see a greasy spot where he had puked on the floor, and the witness answered that she saw a greasy spot, but did not know who made it, to which question and answer the defendant excepted. The fact that somebody had vomited at the schoolhouse certainly was admissible. The fact that a greasy spot remained upon the floor afterwards was certainly admissible for the purpose of showing that the

vomiting had taken place, and under the bill as prepared by the court no error is apparent.

"Bill of exceptions No. 3 complains of the failure of the court to give a certain special charge. It was not applicable to the facts in the case. It is sufficient to say that the information charges and the evidence proves that the defendant 'did unlawfully by the voluntary and immoderate use of spirituous, vinous and malt liquors, unlawfully get drunk and was then and there found in a state of intoxication in a certain public place, to wit, at Whitter Schoolhouse, where people were. then and there assembled for the purpose of religious worship,' if the evidence offered in behalf of the State is to be given credence.

"There is a number of assigned errors in bills of exception and also alleged as grounds in motion for new trial which we do not deem it necessary to discuss because of their immateriality. A differentiation is sought to be made between cases of disturbance of the peace (public or private) as to` whether the offense constituted a disturbance of religious worship or drunkenness in a public place. The evidence would support the allegation in the complaint and information.

"Bill of exceptions No. 4 seems to refer to some ruling of the court passing on the fact that defendant was not an officer and that the definition as requested by defendant under the law applies only to officers. As hereinbefore shown, the law applies to citizens as well as officers who get drunk in a public place.

"Bill of exceptions No. 5 complains of improper remarks of the State's attorney. It will be seen by the court's qualification of the bill, 'that when said language was used the court at once instructed the jury not to consider same, and the county attorney apologized to the jury for using the same and told them to look to the evidence and not his statement.' The words as used were not dissimilar in character or effect to those that were used in the cases of Pemberton v. State, 55 Texas Crim. Rep., 464, 117 S. W. Rep., 837; Howard v. State, 53 Texas Crim. Rep., 378, 111 S. W. Rep., 1038. Unless defendant's counsel objects and asks written charges on improper remarks the case will not be reversed. Leech v. State, 63 Texas Crim. Rep., 339, 139 S. W. Rep., 1147; Reynolds v. State, 63 Texas Crim. Rep., 270, 139 S. W. Rep., 977, and cases there cited. Stewart v. State, 38 Texas Crim. Rep., 627, and Clark v. State, 53 Texas Crim. Rep., 529, 111 S. W. Rep., 659, are similar cases to this one, and such remarks were held not to be cause for reversal. It must be remembered constantly in the consideration of this case that the charge is one of drunkenness in a public place and is not for disturbance of peace or religious worship, and when we do so, it will be seen that the matters complained of in the motion for new trial present no error.

"Bill of exceptions No. 6 complains of the refusal of special charge

No. 2 requested by defendant, that Whitter Schoolhouse was not a public place per se. The court in his general charge instructed what a public place was, and as there given it is sufficient. It conforms with the definition as given in Murchison v. State, 24 Texas Crim. App., 8; and in Elsbury v. State, 41 Texas, 158, it is held that what is a public place is a question for the jury under instructions of the court, and the jury would be authorized to find that this was a public place on the occasion referred to.

"Bill of exceptions No. 7 is based upon the idea that a place is not a public place within the prohibition of the statute if it is a place of religious worship. This is not correct, and a place of public worship where people are assembled would be a public place within the meaning of the law.

"Bill of exceptions No. 8 is in reference to a public place, and is sufficiently covered in the main charge, and presents no error."

The judgment is affirmed.

*Affirmed.*