**Ronald Avans REED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44866.**

Court of Criminal Appeals of Texas.

April 26, 1972.

**48**

---

E. Brice Cunningham, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of barbiturates; the punishment, six (6) months in jail and a fine of $500.00.

The record reflects that the arresting officers testified that while pursuing an automobile driven by Roderick Buchanan, in which the appellant was a passenger, the appellant threw a package from the automobile containing the barbiturates that formed the basis of this conviction. Buchanan, testifying for the appellant, stated that he, and not the appellant, threw the barbiturates out of the automobile. Appellant corroborated Buchanan's testimony and further testified that he did not throw the contraband in question out of the automobile and that he did not possess it at any time.

We are met at the outset with the question of whether the trial court erred by failing to respond to appellant's request to define the word "possession" in his charge.[1] Appellant requested the following definition of possession:

"You are instructed that by the term 'possession' as used herein is meant the actual care, control and management of the property at the time in question. So if you find from the evidence, or if you have a reasonable doubt thereof, that at the time the offense is alleged to have occurred, the said Ronald A. Reed did not have the actual care, control and management of the dangerous drug, then you will find the Defendant not guilty."

The court gave no definition of possession.

The law seems to have been settled in this State since Andrews v. State, 106 Tex. Cr.R. 357, 292 S.W. 880 (1927). In that case, Judge Baker held that where an issue as to the accused's possession of the contraband was raised, the court should charge the jury on what constituted possession under the law.

This rule seems to have been uniformly followed by this Court through the years. See Garza v. State, Tex.Cr.App., 468 S.W. 2d 440, and the cases and forms cited therein. See also Denny v. State, Tex.Cr.App., 473 S.W.2d 503, and Meadowes v. State, Tex.Cr.App., 368 S.W.2d 203.

For the error of the court in failing to respond to the objection to the charge, the judgment is reversed and the cause remanded.

---

1. We note that Art. 36.15, Vernon's Ann.C.C.P., was fully complied with.