**Ex parte James Allen MITCHELL.**

**No. 59193.**

Court of Criminal Appeals of Texas, Panel 1.

Oct. 11, 1978.

---

Michael Allen Peters, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Douglas M. O'Brien, Asst. Dist. Atty., Houston, for the State.

Before ODOM, VOLLERS and W. C. DAVIS, JJ.

OPINION

ODOM, Judge.

This is a post-conviction habeas corpus application. Petitioner was convicted in 1973 on pleas of guilty to four offenses committed in 1971. Punishment was assessed at five years each, and the sentences were cumulated. In two of the cases petitioner was convicted of knowing possession of forged instruments on August 18, 1971. Petitioner argues these two convictions violate the protection against double jeopardy as embodied in the carving doctrine.

The trial court entered findings of fact that three of the four convictions arose out of the same transaction on August 18. The record supports this finding only as to trial cause numbers 167908 and 167916. The records in cause number 167910 show conviction for a conspiracy to pass a forged instrument committed on August 13, 1971, as reflected in the indictment, judicial confession, judgment and sentence in that cause. The offenses in 167908 and 167916, however, do appear to have arisen out of the same transaction. *Gates v. State*, 100 Tex. Cr.R. 36, 271 S.W. 632.

The State here secured two convictions out of one possession on August 18, 1971, of the two forged instruments upon which the prosecutions in cause numbers 167908 and 167916 were based. This violated the carving doctrine and petitioner is entitled to relief.

The presumption is that petitioner's plea in cause number 167908 was entered first. *Ex parte Calderon,* 508 S.W.2d 360 (Tex.Cr. App.). Accordingly, the conviction in cause number 167916 is set aside and the prosecution is ordered dismissed. A copy of this opinion shall be sent to the Texas Department of Corrections.

It is so ordered.