Phillip Jerrell PATTERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 63902.

Court of Criminal Appeals of Texas, En Banc.

Dec. 21, 1983.

Rehearing Denied Jan. 25, 1984.

Harold Klein, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Calvin A. Hartmann and Don Smyth, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for driving while intoxicated. Punishment was assessed at 30 days and a $50 fine, and probation was granted.

In his only ground of error appellant contends it was error to deny his plea in bar under Art. 28.061, V.A.C.C.P., a provision of the Speedy Trial Act. That article provides:

"If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial as required by Article 32A.02 is sustained, the court shall discharge the defendant. *A discharge under this article is a bar to any further prosecution for the offense discharged or for any other offense arising out of the same transaction.*" (Emphasis added.)

By stipulation of evidence it was established that appellant was stopped by a Houston police officer at 12:30 a.m. on January 25, 1979, for driving with his lights off. As a result of the officer's investigation appellant was charged in municipal court for driving without headlights and in county court for driving while intoxicated. On February 28 the municipal court case was dismissed under the Speedy Trial Act. Appellant contends the two offenses arose out of the same transaction under Art. 28.-061, supra, and therefore the instant prosecution is barred.

The State argues that the two offenses are not "same transaction" offenses. It cites many cases ruling on jeopardy and carving issues. This construction of the Speedy Trial Act was rejected in the recent decision in *Kalish v. State,* 662 S.W.2d 595 (Tex.Cr.App.1983). There the Court held:

"All criminal offenses involve voluntarily engaging in conduct, including an act, an omission, or possession, V.T.C.A., Penal Code § 6.01(a), and acts are manifested by a bodily movement, *id.,* 1.07(a)(1), whereas a voluntary 'act' of possession is something distinct from both act and omission. Section 6.01(b); *Phelps v. State,* 623 S.W.2d 936 (Tex.Cr.App.1981); see *Gorman v. State,* 634 S.W.2d 681, 685–686 (Tex.Cr.App.1982) (Concurring Opinion). When one voluntarily engages in criminal conduct consisting of a bodily movement, generally it produces a 'victim' and thus becomes a transaction.[8] That kind of criminal transaction terminates with cessation of conduct—ordinarily in a relatively brief period of time. However, an 'act' of possession is usually 'victimless,' and is not considered a criminal transaction until it is discerned or discovered by another, ordinarily upon arrest, search or seizure—as in, e.g., *Ex parte Rodriguez,* 560 S.W.2d 94, 96 (Tex. Cr.App.1978); *Ex parte Adams,* 541 S.W.2d 440 (Tex.Cr.App.1976); *Gates v. State,* 100 Tex.Cr.R. 36, 271 S.W. 632 (1925); see *Ex parte Mitchell,* 571 S.W.2d 914, 915 (Tex.Cr.App.1978).[9]

"Being intoxicated is not an offense until one under the influence of alcohol or any other substance to the requisite degree *appears in a public place.* V.T.C.A., Penal Code § 42.08(a). Though bodily movement is thus required, like a possessory offense public intoxication becomes a criminal transaction when one is found in that condition. *Dickey v. State,* 552 S.W.2d 467, 468 (Tex.Cr.App.1977) and cases discussed therein; cf. *Davis v. State,* 576 S.W.2d 378, 380 n. 2 (Tex.Cr. App.1978); see *January v. State,* 66 Tex. Cr.R. 302, 146 S.W. 555 (1912).

"We hold that when a person is detained, placed under restraint or taken into custody by a peace officer, all such chargeable voluntary conduct in which

---

**8.** "One's *acts* or *deeds* may be exclusively his own; his transactions involve the agency or participation of others." (Emphasis in original) Funk & Wagnalls Standard Handbook of Synonyms, Antonyms & Prepositions, 423.

**9.** Though the carving doctrine is implicated in these cases, they are cited here to demonstrate when a possessory offense becomes a transaction.

the person was then and there engaged, constituting an offense continuing in nature, arises out of the same transaction. Accordingly, given the facts and circumstances recounted by the peace officer, we find that offense of possession of cocaine and the offense of public intoxication, being committed contemporaneously by appellant, were of the same transaction."

Clearly, driving while intoxicated and driving without headlights, the two offenses involved here, were charges for conduct in which appellant was engaged at the time he was stopped by the officer, and therefore arose out of the same transaction. Under the terms of Art. 28.061, supra, the prior discharge pursuant to dismissal of the driving without headlights charge was a bar to prosecution of the instant case. It was error to deny appellant's plea in bar under the Speedy Trial Act.

The judgment is reversed and the prosecution ordered dismissed.

McCormick, Judge, dissenting.

For the reasons set out in my dissenting opinion in *Kalish v. State*, 662 S.W.2d 595 (1983), I likewise dissent to the ruling in this case.

W. C. Davis and Campbell, JJ., join in this dissent.