Oscar BUENO, Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–422–CR.

Court of Appeals of Texas, Corpus Christi.

Sept. 6, 1984.

Donald Dailey, Jr., Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

Appellant was convicted of possession of heroin and his punishment, enhanced by two prior felony convictions, was set by the court at confinement for fifty years. We affirm.

Appellant was taken into custody by officers of the Corpus Christi Police Department in a motel room pursuant to an arrest warrant. When arrested he was only partially dressed and he asked permission to finish dressing. Before he was allowed to do this the officer searched the clothing he was about to put on and found therein two balloons containing what proved to be heroin.

■ The appeal raises eleven grounds of error. We will first discuss grounds four and five since they challenge the sufficiency of the evidence to (4) link appellant to the contraband and (5) show a proper chain of custody. When such a challenge is made to the sufficiency of the evidence we will examine the evidence in the light most favorable to sustain the jury's verdict. *Penagraph v. State*, 623 S.W.2d 341 (Tex. Crim.App.1981).

■ When arrested at the motel, appellant was alone and was clad only in underwear. He requested that he be allowed to dress and pointed to a pair of pants on the table and a shirt in a closet which one officer described as being "very close together." They were the only pants and shirt in the room. Before permitting appellant to put on the clothes, the officers searched them "for our own safety and for the arrest" and discovered the contraband in the shirt pocket. We hold the foregoing to be sufficient to link appellant to the contraband. Ground of error number four is overruled.

■ Appellant's objection to the chain of custody of the contraband is also without merit. One of the arresting officers testified to having marked the paper containing the blue balloons seized from appellant (which mark he identified) and delivering the package to the Department of Public Safety laboratory. Department of Public Safety chemist James F. Waller testified to having received the balloons and having analyzed the contents thereof, as evidenced by his initials on the paper holding the balloons.[1] Appellant points out that there is evidence that the persons who received the balloons at the laboratory and the person who analyzed the contents thereof and testified to his analysis were not the same person. Even if this be the case, appellant can take scant comfort from such an objection in view of *Medellin v. State*, 617 S.W.2d 229 (Tex.Crim.App.1981) which holds that once the chain of custody is completed to inside the laboratory any further objection goes to the weight of the testimony rather than to its admissibility. This ground of error is also overruled.

■ Appellant alleges in ground of error two and three that he was entitled to a dismissal of the indictment herein by reason of prosecutorial vendictiveness. This is a theory recognized in law by which the state is forbidden to prosecute a defendant more severely than originally intended as punishment for his having exercised a constitutional or statutory right, such as a right to appeal a conviction. It has its roots in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

■ The pertinent facts are these. Appellant was arrested pursuant to a warrant based upon an indictment for an offense totally unrelated to the offense which is the case before us. At his arrest he was found to be in possession of heroin but the heroin case was not filed immediately. He was booked in jail and released on bond within twenty-four hours. At the trial for the offense for which he was originally arrested he was acquitted. Immediately the prosecutor announced that he was going to file the heroin charge, which he did.

---

1. Mr. Waller further testified that the reason his initials (and by inference, the other initials) were not placed upon the balloons themselves is that it's almost impossible to write on a balloon.

The leading case on this point is *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). In that case a defendant was convicted of a misdemeanor in a state court. When he claimed his right to a trial de novo in a higher court the misdemeanor case was dismissed and a felony indictment was obtained arising out of the same set of facts. The United States Supreme Court held that "a person convicted of an offense is entitled to pursue his statutory right to a trial de novo without apprehension that the state will retaliate by substituting a more serious charge for the original one ...."

Our facts are different. Here the activities giving rise to the two indictments were completely different. Appellant did not assert any *right;* he merely won the first case (or, more properly, the state lost it). The case of *Hardwick v. Doolittle*, 558 F.2d 292 (5th Cir.1977) recognized a "broad ambit to prosecutorial discretion, most of which is not subject to judicial control," citing *United States v. Cox*, 342 F.2d 167 (5th Cir.) (En Banc), *cert. denied* 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965). We see little, if any, distinction in an instance where the state elects to withhold the prosecution of one charge pending their success or failure in another, unrelated charge and one where the state offers to plea bargain a dismissal for a guilty plea. As we all know, the latter is a daily occurrence. However much the prosecutors' feathers may have been ruffled by the not guilty verdict there is no showing of the type of prosecutorial vindictiveness denounced in *Blackledge*. These two grounds of error are overruled.

Grounds of error six and seven will be considered as one. Together, they complain of the trial court's failure to adequately apply the law to the facts. Specifically, appellant argues that the court should have gone beyond the use of the word "possess" and should have stated to the jury that they must acquit if they found that appellant did not know of the *existence* of the heroin in his shirt pocket. This matter was raised in the trial court by means of a requested special instruction.

The charging part complained of is as follows, in pertinent part:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 22nd day of June, 1982 in Nueces County, Texas, the Defendant, Oscar Bueno, did then and there intentionally or knowingly possess a controlled substance in Penalty Group 1, to wit: Heroin in an amount less than 28 grams as alleged in the indictment, then you will find the Defendant guilty as charged.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant.

In numbered paragraph one of the charge is found this language:

By the term "possession" is meant the actual care, custody, control or management of the narcotic substance.

Appellant cites, in support of his claimed error, *Reed v. State*, 479 S.W.2d 47 (Tex. Crim.App.1972). In that case two men were riding in an automobile from which a package containing barbiturates was seen to be thrown. Both the defendant and his companion testified that the companion threw the package from the car. In reversing the conviction the court held that the following requested instruction was proper and should have been given as having been raised by the evidence:

"You are instructed that by the term 'possession' as used herein is meant the actual care, control and management of the property at the time in question. So if you find from the evidence, or if you have a reasonable doubt thereof, that at the time the offense is alleged to have occurred, the said Ronald A. Reed did not have the actual care, control and management of the dangerous drug, then you will find the Defendant not guilty."

The court further noted that the trial court had given no definition of possession.

▮▮▮▮ In our case appellant presented no evidence at the trial. The only suggestion present in this appeal that someone

other than appellant possessed the heroin is raised by appellant in his brief by way of argument. The issue of someone else possessing the heroin was not raised during the trial as was the case in *Reed*. An accused is entitled to an affirmative issue only if the issue is raised by evidence. *Carrillo v. State*, 591 S.W.2d 876 (Tex. Crim.App.1979). Grounds of error six and seven are overruled.

■ Grounds of error eight and nine complain of the admission into evidence of the heroin taken from appellant's shirt in violation of the Texas [2] and United States [3] Constitutions. The argument is made that, while it is constitutionally proper to search the area under a defendant's control, the shirt in the closet was not under appellant's control in this case. We reject this argument. When the appellant requested permission to dress and was offered the only available shirt in the room for this purpose it was about to come under his immediate control. Searching the shirt before handing it to appellant is not an enlargment of the constitutional right to search condemned by the authority cited by appellant in his brief. Grounds of error eight and nine are overruled.

Ground of error ten alleges error in the admission of hearsay testimony. In order to locate appellant at the motel the officers first went to the manager's office and asked what his room number was. The manager then pulled out a card which he showed the officer. Over objection, the officer was permitted to testify at the trial as to what the card said about appellant's room number. It was not stated at the trial what the evidence was offered to prove.

■ The state's reply argument in their brief is that the statement was not hearsay because "it is offered to prove room five at the Sunset Motel was registered to Mr. & Mrs. Bueno." This is not a correct argument. If that was, in fact, the purpose of the evidence then the writing on the card is

textbook hearsay. It is offered to prove the truth of what it says. If it was offered to show why the officer went to room five rather than some other room then it would not be hearsay.

What must be decided here is: was the admission of the evidence such harmful error as to require reversal? We conclude that it was not. Appellant says it was used to show control over the heroin by appellant since the heroin was found in room five. Actually, just the opposite is true. The card showed the room to be registered to two people. Control over the heroin was shown to be in appellant by virtue of the fact that it was found in his shirt pocket. This ground of error is overruled.

■ Ground of error eleven objects to the trial court's admission into evidence of the result of officer Almanza's field test of the substance found in appellant's shirt pocket. His theory and his reliance upon *Curtis v. State*, 548 S.W.2d 57 (Tex.Crim. App.1977) are correct insofar as they maintain that field tests [4] standing alone will not prove that a substance is heroin. However, in *Curtis*, this was all the state had. In our case the state also had the testimony of a qualified chemist who analyzed the substance. *Curtis* merely held the results of a field test inconclusive, not inadmissible. *Duran v. State*, 552 S.W.2d 840 (Tex. Crim.App.1977), cited by appellant, is not on point. There the testimony of the chemist was not in evidence. An attempt to offer his testimony based upon stipulation was rejected by the appellate court because the stipulation was declared invalid. Ground of error number eleven is overruled.

■ Finally, appellant claims, in his ground of error number one, a violation of Tex.Code Crim.Proc. art. 32A.02 (Vernon Supp.1984), the Speedy Trial Act. This Act provides, in pertinent part:

Section 1. A court shall grant a motion to set aside an indictment, information,

---

**2.** Tex.Const. art. I, Sec. 9.

**3.** U.S. Const., 4th Amendment.

**4.** The Marquis Reagent Test.

or complaint if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;

\* \* \* \* \* \* .

Sec. 2. (a) Except as provided in Subsections (b) and (c) of this section, a criminal action commences for purposes of this article when an indictment, information, or complaint against the defendant is filed in court, unless prior to the filing the defendant is either detained in custody or released on bail or personal bond *to answer for the same offense or any other offense arising out of the same transaction* in which event the criminal action commences when he is arrested. (Emphasis Supplied).

Appellant was charged with the offense which forms the basis for this appeal on January 4, 1983, when the complaint was first filed. This was the day when the clock began to tick. *Lyles v. State*, 653 S.W.2d 775 (Tex.Crim.App.1983) (En Banc). The record reveals that the state announced ready for trial on March 22, 1983, which is well within the time permitted.

Appellant's reliance upon *Kalish v. State*, 662 S.W.2d 595 (Tex.Crim.App.1983) and *Patterson v. State*, 662 S.W.2d 342 (Tex.Crim.App.1983) is misplaced. The facts of these cases are different from ours. For one difference in *Kalish* and *Patterson* appellant's were arrested and charged with several offenses arising out of the same transaction. See Tex.Code Crim.Proc. art. 32A.02 quoted above.

This and all other grounds of error are overruled. The judgment of the trial court is AFFIRMED.