**Gustavo RIOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0352–85.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 15, 1986.

Joseph A. Connors, III, McAllen, for appellant.

Rene A. Guerra, Dist. Atty. and Theodore C. Hake, Asst. Dist. Atty., Edinburg, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

This is a "speedy trial" case under Article 32A.02, V.A.C.C.P., the Texas Speedy Trial Act (Act). At issue is the event that commences a criminal action for purposes of § 2(a) of the Act. There being a conflict among courts of appeals, we granted review. Tex.R.App.Pro. Rule 200(c)(1).

█ On the night of the felony offense for which appellant was convicted, from his home appellant accompanied a peace officer to the station house for questioning. He was not placed under arrest, but was viewed by the victim and fingerprinted. In a while he was driven back to his residence by another officer. Elaborating on those facts, the Corpus Christi Court of Appeals found that appellant had not been "detained in custody," so that "the criminal action against appellant did not commence at that time." *Rios v. State*, 688 S.W.2d 642 (Tex.App.—Corpus Christi 1985).[1]

Six days thereafter a complaint charging appellant with committing the offense was presented to a magistrate, who issued a warrant of arrest. However, the warrant was never executed. More than a year later a grand jury returned an indictment for the same offense, and seven days thereafter appellant was arrested on a capias after indictment. Meanwhile the State announced ready for trial. Twentysix days after indictment appellant filed his motion to dismiss under the Act, and promptly upon hearing the trial court denied it, primarily on authority of *Davis v. State*, 630 S.W.2d 532 (Tex.App.—Amarillo 1982) no PDR.

The Corpus Christi Court determined that "the trial court erred in concluding that the criminal action against appellant did not commence until appellant was indicted ... and not when the formal complaint against him was filed ..." because:

"Contrary to *Davis v. State*, we hold that, under the clear intent of the express language of Art. 32A.02 § 2(a), a criminal action, whether classified as a felony or misdemeanor, commences 'when an indictment, information, *or complaint* against the defendant is filed in court ...' "

*Rios v. State*, supra, at 646.[2]

█ Represented by both the affected district attorney and the State Prosecuting Attorney, consonant with the Amarillo Court, the State asserts that "for purposes of the Texas Speedy Trial Act, a felony criminal action commences when an indictment is filed in court or when the accused is arrested." *Davis v. State*, supra, at 539. Adding to its formulation "whichever occurs first," for reasons about to be stated we will resolve the conflict in favor of the Amarillo Court.[3]

---

1. Agreeing *factually* with the Corpus Christi Court in that respect, this Court refused appellant's petition for discretionary review contending that he had been "detained in custody" within the meaning of § 2(a). However, our refusal does not imply an interpretation that § 2(a) creates a status of "detained in custody" less restrictive than, and separate and apart from, "arrest," thereby commencing a criminal action. Rather, § 2(a) contemplates that following an arrest a person will be either "detained in custody *or* released on bail or personal bond *to answer [a charging instrument filed in court alleging] the same offense or any other offense arising out of the same transaction [for which he*

*had been previously arrested]."* (All emphasis is supplied by the writer of this opinion throughout unless otherwise indicated.) See *Lyles v. State*, 653 S.W.2d 775, 776 (Tex.Cr.App.1983) (where one is arrested, detained and released without bail, misdemeanor criminal action commences when an information is filed in court).

2. Emphasis is by the Corpus Christi Court.

3. The State Prosecuting Attorney also would have us consider his several claims that the Act is unconstitutional. However, given our disposition of the issue contested in the trial court

While a "complaint" charges the commission of an offense, Article 15.04, V.A.C.C.P., it also has at least two discrete functions. One is to supply a basis for a magistrate to issue warrant for arrest pursuant to Article 15.03, V.A.C.C.P. Another is to serve as a charging instrument for trial in municipal court, Article 45.01, *id.*, and in justice court, Articles 45.16 and 45.26, *id.*[4]

"Our understanding of the phrase 'when an indictment, information, or complaint ... is filed in *court*' is a charging instrument upon which an accused may be tried in the court in which it is filed, rather than one upon which a warrant of arrest may be issued by a *magistrate*." *Rosebury v. State,* 659 S.W.2d 655, 657, n. 1 (Tex.Cr.App.1983) (Clinton, J., concurring) (original emphasis by Judge Clinton).

■ Therefore, in the instant cause although the Corpus Christi Court pointedly noted that "a formal complaint was filed in

4. Also, a complaint is a prerequisite to trial of a misdemeanor information. Articles 21.20, 21.21 and 21.22, V.A.C.C.P. However, as in *Lyles v. State,* supra, unless an accused is detained in custody or released on bail, his criminal action commences when the information is filed.

5. Premised on its faulty interpretation of § 2, shored up by an earlier decision of that court in *Bueno v. State,* 677 S.W.2d 261 (Tex.App.—Corpus Christi 1984) no PDR history, the Corpus Christi Court then undertook to determine whether there were excludable periods allowed by § 4. *Rios,* at 646–648. Since *Rios* utilized *Bueno* only for the proposition that "when the complaint was filed ... the clock began to tick," *Rios,* at 647, except to observe that in context of a heroin offense that bare statement is incorrect, we do not further evaluate *Bueno.*

Taking *Bueno* at face value, and thus on the assumption that a criminal action had commenced, the *Rios* court proceeded on its quest for excludable periods from the date of complaint and contemporaneously issued (but never executed) warrant of arrest for appellant until the State announced ready more than a year later, and seven days before appellant was actually arrested on the capias after indictment. Since we have found that this criminal action did not commence until the indictment was filed in court, the matter of excludable periods prior to that day cannot be an issue.

6. Our construction of the Act in those particulars at issue are confirmed by the action of this

the Justice of the Peace Court," *Rios,* at 644 and 645, the purpose was to secure a felony arrest warrant from a justice of the peace sitting as a magistrate, not to constitute a charging instrument for trial of a felony offense in a district court. Since appellant had never before been "detained in custody or released on bail" within the purport of § 2(a), a criminal action against him did not commence until the indictment was filed in district court alleging the offense about which he was initially questioned and released on the night of that offense. In short, filing of indictment preceded his arrest "for the same offense." The trial court correctly denied appellant's motion to dismiss.[5]

Accordingly, the judgment of the Corpus Christi Court of Appeals is reversed and the judgment of the trial court is affirmed.[6]

TEAGUE, J., concurs in result.

Court in vacating judgment in *Sykes v. State* (No. 11–83–253–CR, delivered December 20, 1984), and remanding the cause to the Corpus Christi Court of Appeals, and in refusing appellant's petition for discretionary review in *Albritton v. State* (No. 08–84–00307–CR, delivered January 22, 1986.)

In *Sykes* an arrest warrant issued upon felony complaint, but accused was not arrested for thirteen days; counting from date of complaint the court below found an announcement of ready 123 days "after the commencement of criminal action on [date of filing complaint]" failed to comply with the 120 days required by the Act in a felony civil action.

In *Albritton,* much as we have concluded here, the El Paso Court of Appeals correctly found no violation of the Act under the facts, *viz:*

"Appellant was charged with a felony therefore an indictment was the proper charging instrument. The indictment was filed on December 2, 1982, and the State announced ready on December 20, 1982. An initial complaint was filed with the justice of the peace, on the date of the offense, for the purpose of securing an arrest warrant. The warrant was never executed and Appellant was not taken into custody until after the subsequent indictment was returned. In construing the various references to 'complaint' in Article 32A.02, we conclude that the legislature had in mind the charging instrument or initial pleading which initiates trial prosecution or when the accused is arrested. See *Davis v. State,* [supra]."

In a like vein the decision of this Court in *Apple v. State,* 647 S.W.2d 290 (Tex.Cr.App.

1983), reaches the correct result. The period of time from filing a felony complaint for an arrest warrant and from date that warrant was executed are both more than 120 days before the State announced ready. We now disavow that part of the opinion in *Apple* which takes into account only the former "commencement" date.