**Benjamin Allen POPE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–85–601–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 4, 1986.

Dougal C. Pope, Pope & Waits, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Dinah Bailey, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

On a plea of guilty to the offense of possession of methamphetamine and true to the allegation of a prior felony conviction for possession of cocaine, the trial court sentenced appellant to five years in the Texas Department of Corrections. Appellant brings two grounds of error based upon the trial court's denial of pre-trial motions to dismiss pursuant to Articles 28.-061 and 32A.02 of the Texas Code of Criminal Procedure. We affirm.

On March 11, 1984, appellant was apprehended in the act of removing furniture from a vacant apartment. He was found to be intoxicated, and upon his arrest, methamphetamine was recovered from his person. Appellant was charged with public intoxication, entering a habitation with intent to commit theft, and possession of methamphetamine of less than twenty-eight grams.

The charge of public intoxication was set for jury trial in Pasadena Municipal Court on April 13, 1984. The case was not reached because the court had other cases previously scheduled for trial on that date. The cause was reset for jury trial to May 25, 1984. Prior to trial, the court heard and denied appellant's Motion to Dismiss pursuant to the Speedy Trial Act. Appellant proceeded to trial and the jury found him not guilty of the charge of public intoxication.

■ Appellant does not assign any "grounds of error"; however, he does list the following under the caption of "argument":

(1) The possession of methamphetamine charge should have been dismissed because the public intoxication charge, which arose out of the same transaction,

was not tried within the 60–day period, and the appellant filed his speedy trial motion in the Pasadena Corporation Court.

A. The standard to use on the Speedy Trial Act is whether the state announced its readiness for trial during the 60–day period and not any delay attributable to the trial court and its docket.

B. The two charges arose out of the same transaction.

C. The appellant was entitled to a dismissal of the public intoxication case by virtue of the Speedy Trial Act. Therefore, the possession of methamphetamine charge should have been dismissed.

Under Subparagraph A, appellant argues that the trial did not take place within the sixty-day period required by the Speedy Trial Act and that the municipal court erred in failing to grant his Motion to Dismiss. While the statute is directed at prosecutorial delay and does not require dismissal for delay attributable to the trial court and its docket, *Martinez v. State*, 632 S.W.2d 783 (Tex.App.—Houston [14th Dist.] 1982, no pet.), the duty is nonetheless on the state to declare its readiness for trial at all times required by the act. *Barfield v. State*, 586 S.W.2d 538 (Tex.Crim. App.1979). The order overruling appellant's Motion to Dismiss the public intoxication charge reflects that the cause was not reached for trial because other cases were set for jury trial that day. It further reflects that the state did not present any *evidence* at the hearing on the Motion to Dismiss. Appellant is apparently arguing that the state was never ready for trial within sixty days because it presented no evidence at the hearing on the Motion. However, the fact that the state presented no *evidence* at the hearing does not preclude an announcement of ready on that day or on some prior date. The evidence is simply inconclusive on that issue.

■ Appellant further directs the court to Article 28.061 of the Code of Criminal Procedure, which provides as follows:

If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial as required by Article 32A.02 is sustained, the court shall discharge the defendant. A discharge under this article is a bar to any further prosecution for the offense discharged or for any other offense arising out the same transaction.

Tex.Code Crim.Proc.Ann. art. 28.061 (Vernon Supp.1986).

Appellant cites *Kalish v. State*, 662 S.W.2d 595 (Tex.Crim.App.1983), wherein a defendant was arrested for public intoxication and found to possess cocaine. The justice court failed to grant a motion to dismiss for public intoxication based upon the Speedy Trial Act, and *on appeal* to the county court the motion to dismiss was granted. The district court held that the cocaine case and the public intoxication charge did not arise out of the same transaction and refused to dismiss the cocaine indictment. The court of criminal appeals then held that the two offenses arose out of the same transaction and ordered the cocaine indictment dismissed. Appellant further cites *Patterson v. State*, 662 S.W.2d 342 (Tex. Crim.App.1983), wherein the defendant was charged with driving while intoxicated and driving without headlights. A dismissal by the municipal court on the traffic offense pursuant to the Speedy Trial Act was grounds for dismissal of the driving while intoxicated charge, as both arose out of the same transaction. We find that the two cases cited by appellant are distinguishable from the facts at bar. In the latter case, the municipal offense was dismissed pursuant to the Speedy Trial Act, therefore Article 28.061 applied, and the misdemeanor offense of driving while intoxicated was also dismissed, as it arose out of the same transaction. In the *Kalish* case, appellant *appealed* the denial of his rights pursuant to the Speedy Trial Act and on appeal the motion to dismiss was granted. In the case before us, the municipal court denied the Motion to Dismiss based upon the Speedy Trial Act and this denial was not appealed. Article 28.061 applies only to those cases

wherein the motion to set aside or dismiss for failure to provide a speedy trial *is sustained.* Therefore, a discharge under this article is required before it can operate as a bar to further prosecution for other offenses arising out the same transaction. There is no provision in the article for otherwise valid motions to dismiss pursuant to the Speedy Trial Act that are denied and not appealed. Simply stated, we cannot comment on whether the municipal court *should* have granted the Motion to Dismiss based on the Speedy Trial Act unless that issue has been properly and timely appealed.

■ We must also point out that no argument is made that the finding of not guilty by a jury on the charge of public intoxication is in and of itself a bar to further prosecution of offenses arising out of the same transaction. Appellant filed a Motion to Dismiss based on double jeopardy and collateral estoppel; however, there is no evidence that the court ever ruled on the Motion. Since that has not been assigned as error or argued by the appellant, it will not be considered by this court. Tex.Code Crim.Proc.Ann. art. 40.09, subd. 9 (Vernon Supp.1986).

Appellant argued that he won an acquittal of the public intoxication charge and could not appeal a favorable verdict. We disagree. When the municipal court denied the Motion to Dismiss on the public intoxication charge, appellant could have pled nolo contendere and appealed the overruling of the Motion to Dismiss *and* the finding of guilty on the public intoxication charge. The appeal would be de novo and appellant would have a record of a hearing on the Motion to Dismiss. If the Motion was again denied, appellant would have a record to bring forward on appeal.

In Subsection C, appellant continues to argue that since he was *entitled* to a dismissal of the public intoxication case, he is therefore entitled to have the possession of methamphetamine case dismissed. Again, appellant may have obtained a dismissal if he had followed the proper appellant procedures, thus triggering the provisions of

Article 28.061. However, he failed to do so. In *Grimm v. Garner,* 589 S.W.2d 955 (Tex.1979), the accused was charged with a speeding violation. A motion to dismiss pursuant to the Speedy Trial Act was filed in the justice court, denied, and a mandamus action was granted by the district court. A court of appeals affirmed the granting of the mandamus. The supreme court, however, denied it on the grounds that the accused had, but failed to use, an adequate remedy at law. The supreme court held that the denial of the motion to dismiss pursuant to the Speedy Trial Act by the justice court could be appealed to the county court, and any rights the accused may have had pursuant to the Speedy Trial Act could have been presented on appeal de novo to the county court. Appellant also cites *De La Rosa v. State,* 627 S.W.2d 207 (Tex.App.—San Antonio 1981, no pet.), wherein that court was also faced with the argument that a municipal or justice court had improperly denied a motion to dismiss based upon the Speedy Trial Act. In the *De La Rosa* case, the San Antonio Court elected to consider on appeal whether the lower court had improperly denied a motion to dismiss even though that denial had not been properly appealed. However, it is significant to note that the San Antonio court arrived at that decision because a hearing had been held on the motion to dismiss and a record was made and preserved for appellate review. We decline to follow *De La Rosa* and therefore decline to rule on whether the municipal court wrongfully denied the speedy trial motion for the reason that the appeal of that ruling is not properly before this court and we do not have a complete record for review. Therefore, if "argument" one is in fact ground of error number one, it is overruled.

■ In "argument" number two, the appellant alleges: "The possession of methamphetamine charge should have been dismissed under the Speedy Trial Act because the indictment which covers entering a building not open to the public with intent to commit theft was returned after the

120–day period." Three different indictments were handed down against appellant in relation to the burglary charge. Because one of the indictments was returned more than 120 days after the commission of the offense, appellant contends it should have been dismissed pursuant to the Speedy Trial Act. All of the offenses in question committed by appellant occurred on March 11, 1984, and arose out of the same transaction. On April 13, 1984, indictment number 399,507 alleged that appellant, on March 11, 1984, did then and there unlawfully, "with intent to commit theft, enter a habitation owned by Penny Ann Collins...." On December 19, 1984, appellant was reindicted in cause number 399,507, and the new indictment number was 416,152. The allegations against appellant were identical in these two indictments with the exception of the enhancement paragraph. In cause number 399,507 it was alleged that appellant was convicted of the prior offense of possession of cocaine. In cause number 416,152 the enhancement paragraph alleged a prior conviction for the offense of delivery of methamphetamine. Then, on April 11, 1985, appellant was indicted in cause number 423,-016, alleging that appellant, on March 11, 1984, did then and there unlawfully, "with intent to commit theft, enter a building not then open to the public owned by Penny Ann Collins...." Indictment 423,016 is a reindictment of indictment number 416,152. This last indictment also carries the enhancement paragraph alleging appellant was previously convicted on the offense of possession of cocaine. The state dismissed felony indictment numbers 416,152 and 423,016 on the grounds that they could not find a material witness, namely, the complainant. Appellant takes the position that cause number 423,016 *should* have been dismissed pursuant to the Speedy Trial Act. Since appellant was indicted more than 120 days after the commission of the offense, the state could not possibly have been ready within the time limits proscribed by the Speedy Trial Act. Further, appellant reasons that Article 28.061 applies because the case *should* have been dismissed. The

cases cited by appellant are inapposite to the case at bar, and we do not find them convincing. We hold that Article 28.061 does not apply to the facts of this case because the indictments complained of were not dismissed pursuant to the Speedy Trial Act.

In cause number 399,502, possession of controlled substance, for which appellant was convicted, there is no dispute that the state was ready for trial within the time limits prescribed by the Speedy Trial Act. Appellant does not dispute the fact that the state timely announced ready for trial in cause number 399,507. The only dispute appears to be that appellant was indicted in cause number 423,016 more 120 days after the offense charged in the indictment, and that the state therefore could not have been ready for trial on that indictment. Appellant points out that cause number 399,507, entering a *habitation* with intent to commit theft, is a first degree felony; while cause number 423,016, entering a *building* not open to the public with the intent to commit a theft, is a second degree felony.

■ In *Richardson v. State*, 629 S.W.2d 164 (Tex.App.—Dallas 1982, pet. ref'd), the court held the announcement of ready in one case does not constitute an announcement of ready on a reindictment where the offenses are different, even though they arise out of the same transaction. In *Richardson,* the defendant was first indicted for theft and then reindicted for burglary of a vehicle. In the instant case, the indictments in question allege first that appellant unlawfully entered a *habitat* owned by Penny Ann Collins, and then allege appellant entered a *building* owned by a Penny Ann Collins. The facts necessary to prove the elements of these crimes are identical except as to the nature of the structure unlawfully entered by appellant.

In *Presley v. State*, 686 S.W.2d 764 (Tex. App.—Fort Worth 1985, pet. ref'd), the defendant was first indicted for rape of a child and then reindicted for aggravated rape. Rape of a child is a second degree felony and aggravated rape is a first de-

gree felony. The *Presley* court reasoned that the facts underlying the two violations named in the indictments were identical and both violations involved the commission of the prohibited acts against the same complaining witness during the same transaction. We believe this case to be analogous to the *Presley* case, and we hold the mere fact that this appellant was reindicted more than 120 days after the commission of the offense is not grounds for dismissal pursuant to the Speedy Trial Act. Appellant has failed to show that the state was not ready for trial in cause number 399,507 or 416,152, the predecessor indictments to cause number 423,016, within the necessary time periods. Therefore, "argument" number two, if it is to be considered ground of error number two, is accordingly overruled.

The judgment of the trial court is affirmed.