**Ex parte Tracy Annette MADDUX.**

**No. 01–86–0462–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 11, 1986.

Rehearing Denied Feb. 5, 1987.

Discretionary Review Granted
April 15, 1987.

Jay Burnett, Robert A. Morrow, III, Morrow & Burnett, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., William J. Delmore, III, Jim Lindeman, Harris County Asst. Dist. Attys., Houston, for the County.

Before EVANS, C.J., and JACK SMITH and WARREN, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from the trial court's denial of pretrial habeas corpus relief.

Appellant was arrested on June 13, 1985, and was released on bond June 15, 1985. The indictment in cause number 426889, charging appellant with murder, was filed September 20, 1985. A second indictment, cause number 448,514, was filed May 1, 1986. The second indictment charged appellant with murder in the first paragraph, and causing serious bodily injury to a child in the second paragraph. All paragraphs alleged offenses against the same victim by the same defendant on the same date. Both indictments were pending on May 12, 1986, when the trial court heard appellant's motion to dismiss pursuant to Tex.Code Crim.P.Ann. art. 32A.02 (Vernon Supp. 1986) (the "Speedy Trial Act").

The trial court sustained the appellant's motion to dismiss as to the second paragraph of 448,514. By application for a writ of habeas corpus, appellant then sought dismissal of the two indictments pursuant to article 28.061 of the Texas Code of Criminal Procedure (Vernon Supp.1986).

The record reflects that, at the writ hearing on June 12, 1986, the trial court signed and approved the "Agreed Stipulation of Evidence" between the assistant district attorney and appellant's counsel. The agreed stipulation states the following:

1. That the defendant, TRACY ANNETTE MADDUX is charged by two (2) separate indictments, to wit: cause number 426,889 and cause number 448,514. Copies of such indictments are attached hereto as Exhibits "A" and "B" and made a part hereof for all purposes.

2. That paragraph two (2) of the indictment in cause number 448,514 has been dismissed pursuant to Art. 32A.02 V.A.C.C.P., as being in violation thereof.

3. That the offenses alleged in the remaining paragraphs of both indictments, namely, paragraph one (1) of number 448,514 and paragraphs one (1), two (2), and three (3) of number 426,889 (Exhibits "A" and "B") *arose out of the same criminal transaction* as the offense alleged in paragraph two (2) of indictment number 448,514, which paragraph has been dismissed as a violation of Art. 32A.02, V.A.C.C.P. (emphasis added.)

4. That this stipulation shall become a part of the record in the above entitled cause.

After hearing the arguments of counsel, the trial court ruled that the Speedy Trial Act was unconstitutional and denied appellant habeas relief.

Appellant asserts in her first point of error that article 28.061 clearly entitles her to a dismissal of the remaining charges arising out of the same transaction when one charge has been dismissed pursuant to the Speedy Trial Act. Article 28.061, in its entirety, provides:

If a motion to set aside an indictment, information or complaint for failure to provide a speedy trial as required by Article 32A.02 is *sustained,* the court shall discharge the defendant. A discharge under this article is a bar to any *further prosecution* for the offense discharged or *for any other offense arising out of the same transaction.* (Emphasis added.)

The controlling question is thus whether different offenses arose out of the same transaction.

In *Kalish v. State,* 662 S.W.2d 595 (Tex. Crim.App.1983), the Court considered whether the separate offenses of public intoxication and possession of cocaine arose out of the same transaction. There, the public intoxication offense had been dismissed, and the appellant was later convicted of cocaine possession. In holding that the two offenses arose out of the same

transaction, the court considered the State's argument that the Speedy Trial Act was written in such a way that "same transaction" should be construed to mean offenses of like degree. In reference to the language of article 28.061 that bars *"any further prosecution* for the offense discharged or for *any other offense* arising out of the same transaction," Judge Clinton wrote:

> Such inclusive language used by the Legislature will not allow a construction that what it really intended was to limit "same transaction" to offenses of like degree.

*Kalish,* 662 S.W.2d at 601.

· The State asserts that: 1) this Court has no jurisdiction to hear a pre-trial appeal from the denial of an application for the writ of habeas corpus; 2) the Speedy Trial Act is unconstitutional; and 3) the sustaining of appellant's speedy trial motion to dismiss was erroneous, since the State must have been ready for trial on the injury to a child offense if it was ready on the murder case.

The State contends that the appeal should be dismissed for want of jurisdiction. It cites *Ordunez v. Bean,* 579 S.W.2d 911 (Tex.Crim.App.1979), and *Ex parte Delbert,* 582 S.W.2d 145 (Tex.Crim.App.1979), in support of its contention that a defendant may not complain of a pretrial ruling on a Speedy Trial Act motion by application for writ of habeas corpus. In those cases, however, the defendants' motions to dismiss for failure to provide a speedy trial had been overruled, in toto, by the trial court. In *Ordunez,* by writ of mandamus, and in *Delbert,* by writ of habeas corpus, the defendants challenged the trial court's adverse rulings. The Court of Criminal Appeals denied relief in both cases, holding that "appeal is available to the petitioner in the event of his conviction to test any asserted denial of his right to a speedy trial, both on a statutory and constitutional basis...." *Ordunez,* 579 S.W.2d at 913–914; *Delbert,* 582 S.W.2d at 146.

The instant case is distinguishable. Here, the trial court sustained appellant's speedy trial motion as to the injury to a

child offense. This action triggers article 28.061, barring "further prosecution" for any offense arising out of the same transaction. *See Kalish v. State,* 662 S.W.2d at 601; *Pope v. State,* 715 S.W.2d 859 (Tex. App.—Houston [14th Dist.] 1986, no pet.). Because the State stipulated that the murder offense and the injury to a child offense arose out of the same transaction, the trial court could not avoid the operation and effect of article 28.061.

■ The State's argument that appellant can raise this error only on direct appeal, after conviction, contradicts the clear meaning and effect of the statute—"A discharge under this article is a bar *to any further prosecution* for the offense discharged or for any other offense *arising out of the same transaction."* If any further prosecution is barred by statute, the question of the State's legal authority to prosecute the accused is raised. The Court of Criminal Appeals has entertained appeals from pretrial habeas corpus proceedings where such a question was raised. *See Ex parte Robinson,* 641 S.W.2d 552 (Tex.Crim.App.1982) (double jeopardy challenge to indictment must be reviewable before subsequent exposure occurs); *Ex parte Dickerson,* 549 S.W.2d 202 (Tex. Crim.App.1979); *Ex parte Ward,* 560 S.W.2d 660 (Tex.Crim.App.1978) (indictment showed on its face that prosecution was barred by limitations); *Ex parte Mangrum,* 564 S.W.2d 751 (Tex.Crim.App. 1978) (indictment based on repealed statute); *Ex parte Menefee,* 561 S.W.2d 822 (Tex.Crim.App.1977) (juvenile indicted without examining trial); *Ex parte Becker,* 459 S.W.2d 442 (Tex.Crim.App.1970) (indictment returned by irregularly empaneled grand jury). In the instant case, the State's legal authority to further prosecute the appellant is expressly addressed by art. 28.061. We overrule the State's motion to dismiss for want of jurisdiction.

The trial court declared the Speedy Trial Act unconstitutional, and the State, in its brief, makes the same assertion. We have previously upheld the constitutionality of the Act in *Morgan v. State,* 696 S.W.2d 465 (Tex.App.—Houston [1st Dist.] 1985, no

writ), and we decline the State's invitation to reconsider that holding. *See also Wright v. State*, 696 S.W.2d 288 (Tex.App. —Ft. Worth 1985, no pet.); *Beddoe v. State*, 681 S.W.2d 114 (Tex.App.—Houston [14th Dist.] 1984, pet. granted).

■ We also overrule the State's final argument, that the trial court's initial sustaining of appellant's speedy trial motion was erroneous and should be interpreted as meaning that the State was, in fact, ready on both the murder charge and the injury to a child charge. The State and appellant stipulated that the offense of injury to a child was dismissed because of a speedy trial violation. We find nothing in the record to indicate that the State in any manner thereafter attempted to set aside or amend the terms of the stipulation. The statement of facts from the initial hearing on appellant's motion to dismiss confirms the ruling by the trial judge, dismissing the injury to a child offense under the Speedy Trial Act. The State's argument that the ruling should be given another meaning is without logic or merit.

Given the state of the record and the unambiguous wording of article 28.061, the trial court's only recourse was to grant appellant habeas corpus relief. We hold that the trial court erred in denying relief. We therefore reverse the order of the trial court and order that the indictments in cause numbers 426889 and 448514 in the trial court be dismissed, and bar any further prosecution of appellant for the offenses alleged therein.

## OPINION ON STATE'S MOTION FOR REHEARING

The State asserts three points in its motion for rehearing: 1) that an entire indictment, rather than a single offense, must be dismissed before article 28.061 becomes operative; 2) that article 28.061 should not be applied to bar prosecution of a greater offense (murder) when the lesser included offense (injury to a child) has been dismissed on speedy trial grounds, because the trial court's dismissal of the latter offense was erroneous; and 3) that the unconstitutionality of the Speedy Trial Act

was not, and should be, addressed by this Court.

The State argues that because article 28.061 refers only to a motion to set aside an indictment, information, complaint and not "a portion thereof", that the trial court's dismissal of the injury to a child *offense* should not result in the dismissal of the murder offense.

A presumption in the construction of statutes is that the entire statute is intended to be effective. Tex.Gov't.Code Ann. sec. 311.021 (Vernon Supp.1987). Article 28.061 states that:

[a] discharge under this article is a bar to any further prosecution for the *offense* discharged or for *any other offense* arising out of the same transaction. (Emphasis added).

Here, the State stipulated that the two separate offenses arose from the same transaction and one of the offenses was dismissed on speedy trial grounds. The discharge portion of the statute refers to offenses, not indictments. We find no merit in the State's position that there is some significance to the fact that the discharged offense was pled as part of an indictment and not as a separate indictment.

The State next argues that article 28.061 should not have effect because the trial court's ruling was "plainly erroneous". The State is essentially requesting that we review and overrule the trial court's dismissal of the injury to a child offense. That issue is not before us because the State has no right to appeal in criminal cases. Tex. Const. art. 5, sec. 26; Tex.Code Crim.P. Ann. art. 44.01 (Vernon Supp.1987); *see Haley v. Lewis*, 604 S.W.2d 194 (Tex.Crim. App.1980) [even if the trial court later considered his order of dismissal under the Speedy Trial Act to have been an erroneous interpretation of the law, he had no authority to reinstate indictment or consider dismissal ineffective.]

The State also argues that it is unjust to bar prosecution of the greater offense of murder on which the State was allegedly

ready.[1] Whether article 28.061 produces unjust results is not for this Court to decide. The State, in its motion, refers to the result as "[an] egregious affront to the citizens of Texas ... perpetrated by the Legislature under the Act". We agree with the State's conclusion that the application of article 28.061 to the events of this case results in an undesirable disposition of the case. However, this Court may not usurp those powers delegated to the legislature of this state by article II, section I of the Texas Constitution. The State's forum for redress in the instant case lies in the legislature, not in this Court.

In the State's final point it requests that this Court address the argument that the Speedy Trial Act is unconstitutional, on the theory that it violates the separation of powers doctrine as set out in art. II, sec. 1 of the Texas Constitution. We agree with the holding of *Bedford v. State*, 703 S.W.2d 775 (Tex.App. [14th Dist.—Houston] 1985, no writ)—that neither the Speedy Trial Act, nor article 28.061, violates the separation of powers doctrine.

The State's motion for rehearing is overruled.

---

1. Although the issue of whether injury to a child is a lesser included offense of murder is not dispositive of any question in this case, we note that an essential element of the offense of injury to a child is that the complainant is a child who is 14 years of age or younger. *Lang v. State*, 586 S.W.2d 532 (Tex.Crim.App.1979). Because no such proof is required for murder, the offense of injury to a child is not necessarily a lesser included offense of murder. Tex.Code Crim.P.Ann. art. 37.09 (Vernon 1981).