**Ex parte Tracy Annette MADDUX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 296–87.**

Court of Criminal Appeals of Texas, En Banc.

June 15, 1988.

Rehearing Denied Sept. 21, 1988.

**738** ▪

Jay W. Burnett, Robert A. Morrow, III, on appeal only, Janet Morrow, on petition only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. William J. Delmore, III and Jim Lindeman, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

This is an appeal from the trial court's denial of pretrial habeas corpus relief.

Applicant was arrested on June 13, 1985, and was released on bond June 15, 1985. The indictment in cause number 426,889, charging applicant with murder, was filed September 20, 1985. A second indictment, cause number 448,514, was filed May 1, 1986. The second indictment charged applicant with murder in the first paragraph, and causing serious bodily injury to a child in the second paragraph. All paragraphs alleged offenses against the same victim by the same defendant on the same date. Both indictments were pending on May 12, 1986, when the trial court heard applicant's motion to dismiss pursuant to Article 32A.02 V.A.C.C.P. The trial court sustained the applicant's motion to dismiss as to the second paragraph of Cause No. 448,-514.

By application for a writ of habeas corpus, applicant then sought dismissal of the two indictments pursuant to Article 28.061, V.A.C.C.P. On June 12, 1986, the trial court held a hearing on the application. After hearing arguments of counsel, the trial court ruled that the Speedy Trial Act was unconstitutional and denied applicant habeas relief. Applicant appealed to the Court of Appeals. In its brief to the Court of Appeals, the State argued among other things that the Speedy Trial Act was unconstitutional. However the Court of Appeals rejected that argument and found that under Article 28.061, V.A.C.C.P., applicant was entitled to relief. Therefore the Court ordered that the indictments in both cause numbers be dismissed and any fur-

ther prosecution for those offenses be barred. *Ex parte Maddux*, 725 S.W.2d 724 (Tex.Ct.App.—Houston[1st] 1986).

We granted the State's petition for discretionary review to consider the first, second and fifth grounds for review:

(1) did the Court of Appeals lack jurisdiction to entertain this interlocutory appeal from a denial of relief under the Speedy Trial Act?

(2) did the Court of Appeals err in finding that the trial court's ruling on the applicant's original speedy trial act motion served to bar any further prosecution under the remaining allegations?

(5) did the Court of Appeals err in finding that the Speedy Trial Act does not violate the separation of powers provision of Article II, Section 1, of the Texas Constitution?

We find that our recent decision in *Meshell v. State*, 739 S.W.2d 246 (Tex.Cr.App. 1987), resolves the issues presented in this case. In *Meshell*, we held that Article 32A.02, supra (the Speedy Trial Act) and Article 28.061, supra, were unconstitutional and void because they violated the separation of powers provision of Article II, Section 1 of the Texas Constitution. Consequently, applicant was not entitled to relief under Article 28.061, supra, an unconstitutional statute. The State's fifth ground for review is sustained.

The judgment of the Court of Appeals is reversed and the judgment of the trial court, denying applicant relief, is affirmed.

CLINTON, J., concurs in the result.