Ex parte Gonzales 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-047-CR





EX PARTE: JUAN SANCHEZ GONZALES,




 APPELLANT




 




FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT 



NO. CR93-0100-B, HONORABLE CURT STEIB, JUDGE PRESIDING



 




 This is an appeal from a pretrial denial of a writ of habeas corpus. Appellant Juan
Sanchez Gonzales sought habeas corpus relief asserting that his voluntary settlement agreement
with the State of Texas regarding property subject to forfeiture under chapter 59 of the Texas
Code of Criminal Procedure was a punitive forfeiture. Appellant contends that this settlement
agreement bars his subsequent criminal prosecution for possession and delivery of marihuana
under the double jeopardy protection of both the United States and Texas Constitutions. U.S.
Const. amend. V; Tex. Const. art. I, §  14. The district court denied the relief. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND


 On February 4, 1993, the Tom Green County grand jury indicted appellant on four
counts of delivery of marihuana and one count of possession of marihuana. Controlled Substances
Act, 71st Leg., R.S., ch. 678, sec. 1, §§ 481.120, .121, 1989 Tex. Gen. Laws 2230, 2938-39
(Tex. Health & Safety Code Ann. §§ 481.120, .121, since amended). Before this indictment, the
State initiated civil forfeiture proceedings against appellant's residence pursuant to Tex. Code
Crim. Proc. Ann. §§ 59.01-.06 (West Supp. 1994). In this forfeiture action the State asserted that
appellant used his residence to negotiate sales of, and to deliver, marihuana. Because the
residence was used or intended for use in the commission of a felony, the State argued it was
contraband subject to seizure and forfeiture. 

 In August 1993 appellant and the State signed a Compromise and Settlement
Agreement ("Settlement Agreement") concerning the seized property. After reciting the existence
of bona fide disputes and controversies surrounding the forfeitability of the residence, the parties
made three specific promises. First, the State agreed to dismiss the forfeiture suit against the
residence with prejudice. In return, appellant agreed to pay the State $20,000.00. Finally, they
agreed that "this compromise and settlement agreement is not an admission of liability but is a
compromise and settlement in lieu of further costly litigation and the terms of this agreement is
[sic] not to be used in any criminal proceeding." Appellant paid the $20,000; the State dismissed
the forfeiture suit.

 On September 7, 1993, appellant filed an application for a pretrial writ of habeas
corpus with the district court. He contended that the money he paid pursuant to the Settlement
Agreement was a substantial punitive forfeiture, requiring that his subsequent criminal prosecution
for the possession and delivery of marihuana be barred by the double jeopardy protection of the
U. S. and Texas Constitutions. On December 13, 1993, the district court held a hearing on the
writ. When appellant tried to introduce the Settlement Agreement into evidence, the State
objected on the ground that the terms of the agreement specifically barred its use in any
subsequent criminal proceeding. The district court sustained the objection. Appellant then
offered the Settlement Agreement in a bill of exceptions. At the conclusion of the hearing, the
district court denied habeas corpus relief. The court specifically found there had been no
forfeiture:


I find that the civil case never reached a stage of forfeiture. I find that a voluntary
compromise and settlement agreement was entered into, that the parties had agreed
that that settlement agreement was not to be used by either party in the criminal
prosecution. . . . [T]he parties wrote their own -- their own terms by that
agreement and I think they're bound by it. There is nothing ambiguous in that
settlement agreement. It purports to be the entire agreement between the parties. 
The parties are bound by that.


DISCUSSION


 In a single point of error, appellant contends the district court erred in failing to
dismiss the subsequent prosecution because he has already been punished for the conduct that
formed the basis of the indictment. In extensive briefing and at oral argument, appellant argues
that the $20,000.00 payment under the Settlement Agreement was actually "punishment" for the
underlying drug offenses and that, as a result, double jeopardy bars his subsequent criminal
prosecution. It is unnecessary for us to reach the merits of this argument, however, because a
more fundamental deficiency exists in appellant's position.

 The Settlement Agreement was not admitted in evidence by the district court at the
habeas corpus hearing. While the agreement is contained in a bill of exceptions, in this appeal
appellant has not assigned error to its exclusion from evidence by the district court. (1) Since
appellant does not complain of this ruling on appeal, he cannot now rely on the terms of the
Settlement Agreement as if they were properly before this Court. In the absence of assignment
of error, we cannot review the trial court's exclusion of the agreement. See Pope v. State, 715
S.W.2d 859, 862 (Tex. App.Houston [14th Dist.] 1986, pet. ref'd); 26 Tex. Jur. 3d Criminal
Law § 4174 (1983) ("The appellate court is only required to review those grounds of error
assigned in the trial court by the appellate brief. . . ."); cf. Cooper v. State, 791 S.W.2d 80, 83
(Tex. Crim. App. 1990) (requiring both State and appellant to properly present points of error to
the court of appeals for its decision in order to complain of an adverse determination on review).

 Consequently, we are presented with a record that does not reflect that a forfeiture
ever occurred. It is axiomatic that matters not supported by the record cannot provide the basis
for decision and cannot be considered. See Lewis v. State, 504 S.W.2d 900, 904 (Tex. Crim.
App. 1974); Williams v. State, 485 S.W.2d 274, 275 (Tex. Crim. App. 1972). We overrule
appellant's single point of error.

 The district court's order denying relief is affirmed.



 J. Woodfin Jones, Justice

Before Justices Aboussie, Jones and Kidd

Affirmed

Filed: October 26, 1994

Do Not Publish
1.   Appellant has, since oral argument, filed a motion asking leave to file an amended
brief containing a new point of error complaining of the trial court's exclusion of the
Settlement Agreement. As a matter of policy, only in rare instances would we consider it
appropriate to allow an appellant to add points of error after the appeal has been fully
briefed and submitted. Concluding that this is not one of those rare cases in which
"justice requires" consideration of appellant's new complaint, we overrule appellant's
motion. See Rochelle v. State, 791 S.W.2d 121, 124 (Tex. Crim. App. 1990).